1  Byron Z. Moldo (SBN 109652)
       bmoldo@ecjlaw.com
2  Sonia Singh (SBN 311080)
       ssingh@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212-2974
   Telephone (310) 273-6333
5  Facsimile (310) 859-2325

6  Attorneys for Michael Horner and Thomas Horner
   as Co-Trustees of the Horner Family Trust

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | In Re:                          | Case No. 2:22-bk-13069-NB

12 | GEORGE GORDON STRONG III,       | Chapter 13

13 |          Debtor.               | **MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN; DECLARATION OF SONIA SINGH IN SUPPORT THEREOF**

14

15

16

17 | Date:   November 3, 2022
   | Time:   9:30 a.m.
   | Pace:   Courtroom 1545
18 |             255 E. Temple Street
   |             Los Angeles, California 90012

19

20

21        Creditors Michael Horner and Thomas Horner, as Co-Trustees of the Horner Family Trust

22 (collectively, "Horner") hereby object to the Chapter 13 Plan *(docket no. 7)* (the "Plan") filed by

23 George Gordon Strong III, the Chapter 13 debtor (the "Debtor") on or about June 1, 2022, and

24 respectfully state as follows:[1]

25

26

────────────────────

27        [1] On or about July 21, 2022, Horner submitted a preliminary objection and reservation of
   rights regarding the Debtor's Plan *(docket no. 41)* (the "Preliminary Objection").  This objection
28 fully incorporates and supplements Horner's Preliminary Objection.

17501.1:10736263.1

MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S
OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

ERVIN COHEN & JESSUP LLP

1

## BACKGROUND

2   Horner sued the Debtor and his investment advisory company, Strong Wealth Management

3   LLC, in May 2021, which action is pending as Case No. 21STCV17667 in the Superior Court of

4   the State of California, County of Los Angeles (the "State Court Action"). This Court granted

5   Horner relief from stay to proceed to trial on claims against the Debtor and Strong Wealth

6   Management LLC in the State Court Action on June 16, 2022 *(docket no. 32)*.

7   As detailed in the Preliminary Objection, pursuant to this Court's July 21, 2022 Order

8   *(docket no. 40)*, the Debtor was ordered to produce documents to Horner's counsel and appear for

9   a Rule 2004 examination. The Debtor appeared for his Rule 2004 examination on August 15,

10   2022. However, because the Debtor failed to produce numerous documents, the parties agreed to

11   continue the Rule 2004 examination in order to allow the Debtor additional time to produce the

12   missing documents. To date, the Debtor has failed to produce all of the missing documents,

13   despite having stipulated on the record to produce the documents by September 9, 2022.

14   Specifically, the Debtor has failed to produce his tax returns to Horner's counsel. Horner's

15   counsel is also advised by counsel for the Chapter 13 Trustee that the Debtor has similarly failed

16   to produce the required tax returns and proof of business income to the Chapter 13 Trustee's

17   office.

18   On or about October 6, 2022, Horner filed a Motion to Dismiss the Debtor's bankruptcy

19   case pursuant to 11 U.S.C. §§ 109(e) and 1307(c) *(docket no. 54)* (the "Motion to Dismiss") on the

20   grounds that the Debtor is not eligible to file for relief under Chapter 13 of title 11 of the United

21   States Code, and for cause given the Debtor's bad faith. The Motion to Dismiss is set to be heard

22   on November 3, 2022, the same day as the continued plan confirmation hearing for the Debtor's

23   Plan.

24   ## OBJECTIONS TO PLAN CONFIRMATION

25   Horner objects to confirmation of the Plan for the following reasons, and reserves the right

26   to supplement these objections in light of the Debtor's continued Rule 2004 examination and

27   document production deadline:

28   ***First***, pursuant to 11 U.S.C. § 109(e), the Debtor's debts exceed the limits placed by

ERVIN COHEN & JESSUP LLP

1  Chapter 13.  As detailed in the Motion to Dismiss, Chapter 13 eligibility at the time of the

2  Debtor's petition date was limited to "[o]nly an individual with regular income that owes, on the

3  date of the filing of the petition, noncontingent, liquidated debts of less than $465,275…"[2]  Here,

4  the Debtor's unsecured claims, as set forth in the timely filed proofs of claim by various unsecured

5  creditors, total $14,469,201.20.  Moreover, while Horner's proof of claim asserts a total unsecured

6  amount of $11,971,617.90 for claims in the State Court Action, currently, the amount of loss

7  totaling $2,195,948.02 as detailed in Horner's complaint is readily determinable.  (*See* Singh Decl.

8  ¶6, Ex. 1 [Proof of Claim 5-1, Complaint at ¶¶19, 20].)

9       Specifically, it is likely that Horner's ultimate judgment against the Debtor in the State

10  Court Action could exceed $2,195,948.02, as accounted for in Horner's proof of claim.  However,

11  the fact is that, as of the Debtor's petition date, Horner's loss, attributable completely to Debtor's

12  actions, is readily calculated as ***$2,195,948.02*** [$2,616,421.00 (the value of the invested assets in

13  Horner's trust as of August 6, 2019), minus $475,099.23 (the value of the invested assets in

14  Horner's trust as of December 1, 2020)].   (*See* Singh Decl. ¶6, Ex. 1 [Proof of Claim 5-1,

15  Complaint at ¶¶19, 20].)  The fact that the Debtor disputes his liability on Horner's claims for

16  breach of contract, fraud, breach of fiduciary duty, negligence, and financial elder abuse does not

17  render Horner's claim unliquidated.  Instead, because the dollar amount of Horner's claim for

18  $2,195,948.02 may be calculated by simple arithmetic, it is liquidated for the purposes of

19  calculating eligibility for relief under section 109(e).  *See Slack v. Wilshire Ins. Co. (In re Slack)*,

20  187 F.3d 1070, 1073 (9th Cir. 1999); *Mazzeo v. United States*, 131 F.3d 295, 303 (2d Cir. 1997);

21  *see also In re Huelbig*, 299 B.R. 721 (Bankr. D.R.I. 2003).

22       ***Second***, pursuant to 11 U.S.C. § 1325(a)(7), the Debtor's petition was not filed in good

23  faith.  As further detailed in the Motion to Dismiss, under the totality of circumstances: (1) the

24  Debtor has failed to disclose financial information regarding his income, by failing to file with the

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

   [2] Pub. L. No. 117-151 § 2(c) (2022) amended subsection (e) to take effect on June 21,
27  2022, such that to be eligible for chapter 13, the debtor or the debtor and a codebtor spouse, cannot
   owe more than $2,750,000 when the petition is filed.  *See* 2 Collier on Bankruptcy P 109.06 (16th
28  2022).  The Debtor's petition was filed on June 1, 2022, prior to the amendment taking effect.

ERVIN COHEN & JESSUP LLP

1  Court a statement showing gross receipts, ordinary and necessary business expenses, resulting in

2  the total monthly net income of his business as required by Schedule I, item 8A, and failing to turn

3  over his tax returns to both Horner and the Chapter 13 Trustee (Singh Decl. ¶4), making it

4  impossible to determine the nature of the Debtor's assets and liabilities and feasibility of the Plan,

5  specifically making it impossible for creditors to understand the true nature of the Debtor's assets

6  in order to evaluate if payments offered under the Plan are less than what creditors would receive

7  if the Debtor's assets were liquidated; (2) the Debtor filed his petition a few months after he

8  voluntarily dismissed his earlier petition to complete a divorce settlement in which he transferred

9  his sole substantial asset to his ex-wife (Singh Decl. ¶¶7-8, Ex. 2); and (3) the Debtor filed his

10  petition to avoid trial in the State Court Action (*Id.* ¶9).

11  **CONCLUSION AND REQUEST FOR RELIEF**

12      For these reasons, Horner respectfully requests that the Plan not be confirmed.

13

14  DATED:  October 20, 2022          ERVIN COHEN & JESSUP LLP

15                                                    Byron Z. Moldo
                                                       Sonia Singh
16

17                                   By:  _____

18                                                    Sonia Singh

19                                                    Attorneys for Michael Horner and Thomas Horner
                                                       as Co-Trustees of the Horner Family Trust
20

21

22

23

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

## DECLARATION OF SONIA SINGH

I, Sonia Singh, declare and state as follows:

1.      I am an attorney duly licensed in the State of California and entitled to practice before this Court and am an associate of the law firm Ervin Cohen & Jessup LLP, attorneys of record for creditors Michael Horner and Thomas Horner, as Co-Trustees of the Horner Family Trust ("Horner"). I make this declaration in support of the above Objection to Debtor's Chapter 13 Plan. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2.      Horner sued George Gordon Strong III, the Chapter 13 debtor (the "Debtor") and his investment advisory company, Strong Wealth Management LLC, on or about May 11, 2021, which action is pending as Case No. 21STCV17667 in the Superior Court of the State of California, County of Los Angeles (the "State Court Action"). This Court granted Horner relief from stay to proceed to trial on claims against the Debtor and Strong Wealth Management LLC in the State Court Action on June 16, 2022 *(docket no. 32).*

3.      Pursuant to this Court's July 21, 2022 Order *(docket no. 40)*, the Debtor was ordered to produce documents to our office and appear for a Rule 2004 examination. The Debtor appeared for his Rule 2004 examination on August 15, 2022 virtually. However, because the Debtor failed to produce numerous documents, the parties agreed to continue the Rule 2004 examination in order to allow the Debtor additional time to produce the missing documents. To date, the Debtor has failed to produce all of the missing documents, despite having stipulated on the record to produce the documents by September 9, 2022.

4.      Specifically, the Debtor has failed to produce his tax returns to our office. I am also advised by counsel for the Chapter 13 Trustee that the Debtor has similarly failed to produce the required tax returns or proof of business income to the Chapter 13 Trustee's office.

5.      On or about October 6, 2022, Horner filed a Motion to Dismiss the Debtor's bankruptcy case pursuant to 11 U.S.C. §§ 109(e) and 1307(c) *(docket no. 54)* (the "Motion to Dismiss") on the grounds that the Debtor is not eligible to file for relief under Chapter 13 of title 11 of the United States Code, and for cause given the Debtor's bad faith. The Motion to Dismiss

1    is set to be heard on November 3, 2022, the same day as the continued plan confirmation hearing

2    for the Debtor's Plan.

3          6.      On or about June 14, 2022, our office on behalf of Horner filed a proof of claim in

4    the Debtor's bankruptcy case, classified as Claim No. 5 in the Court's Claims Register, in the total

5    amount of $11,971,617.90 for Horner's claims asserted in the State Court Action, a true and

6    correct copy of which claim is attached hereto as **Exhibit 1**.  This claim represents actual out-of-

7    pocket losses of $2,195,948.02, plus treble damages in addition to out of pocket losses, awardable

8    pursuant to the California Financial Elder Abuse Act (Cal. Welf. & Inst. Code § 15600) and

9    California Civil Code § 3345.

10          7.      Previously, the Debtor had filed a Chapter 13 bankruptcy case on or about February

11    8, 2022, which was pending before this Court as Case No. 2:22-bk-10689-NB.  The Debtor filed a

12    request to voluntarily dismiss his Chapter 13 case, and the Court entered its Order of dismissal on

13    February 24, 2022.

14          8.      In the Debtor's "Opposition to Motion for Relief [sic]" *(docket no. 27)* filed on

15    June 8, 2022, the Debtor admits that he dismissed his first bankruptcy case to complete his divorce

16    settlement.  (See Opposition at pp. 2:14-15, 3:3-6).  Based on a review of the Debtor's stipulated

17    judgment entered in his divorce proceeding, a copy of which was provided to our office as part of

18    the Debtor's Rule 2004 document production and is attached hereto as **Exhibit 2** – the Debtor

19    transferred what his bankruptcy schedules identify as his sole substantial asset – his home – to his

20    now ex-wife Brooke Strong.  (See Attachment to Stipulated Judgment at p. 13:3-14).

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

ERVIN COHEN & JESSUP LLP

17501.1:10736263.1

6

MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S
OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

9.      The timing of this bankruptcy filing on June 1, 2022 was right before trial was set to begin the following week, on June 6, in the State Court Action.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct and that this Declaration was executed on October 20, 2022 at Beverly Hills, California.

_____
Sonia Singh

MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S
OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

EXHIBIT "1"

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor 1 | George Gordon Strong, III |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 2:22-bk-13069-NB |



**FILED**

**JUN 14 2022**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____Deputy Clerk

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Michael Horner and Thomas Horner, as Co-Trustees of the Horner Family Trust<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.   From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Ervin Cohen & Jessup LLP<br>Name<br><br>9401 Wilshire Blvd., 9th Floor<br>Number      Street<br><br>Beverly Hills          CA          90212<br>City                State          ZIP Code<br><br>Contact phone  310-273-6333<br><br>Contact email  mlieb@ecjlaw.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one): | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number      Street<br><br>City                State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes.   Claim number on court claims registry (if known) _____      Filed on ____/____/_____<br>                                                                                                                 MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.   Who made the earlier filing? _____ |

Exhibit "1"
Page 8

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $ _____ 11,971,617.90 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Fraud, breach of fiduciary duty, negligence, breach of contract, and
financial elder abuse. Claims asserted in LASC Case No. 21STCV17667.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/13/2022
                  MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

Name        Michael C. Lieb
            First name          Middle name              Last name

Title       Attorney for Creditor

Company     Ervin Cohen & Jessup LLP
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     9401 Wilshire Blvd., 9th Floor
            Number      Street

            Beverly Hills                    CA        90212
            City                             State     ZIP Code

Contact phone   310-273-6333          Email  mlieb@ecjlaw.com

---

### Horner Damages Calculations

All amounts may be <u>trebled</u> on a finding of Financial Elder Abuse:

|  | <u>6-Sep-19</u> | <u>1-Dec-20</u> |
|---|---|---|
| TOTAL EQUITY | 2,493,441.18 | 2,896,723.50 |
| CASH | 135,510.72 | 135,510.72 |
| DIVIDENDS EARNED |  | 126,445.09 |
| TOTAL | 2,628,951.90 | 3,158,679.31 |
| Value on 12/1/2020 |  | 475,099.23 |
| Withdrawals |  | (106,000.00) |
| Management Fees |  | (21,539.92) |
| TOTAL |  | 2,599,120.00 |

| Prejudgement Interest Calculations | | |
|---|---|---|
| Prejudgement Period | 12/1/2020 | 6/7/2022 |
| Days | 553 | |
| Prejudgement Rate | 10% | |
| Daily Rate | 0.027397% | |
| Total Prejudgement Interest | | 393,784.48 |

| Total Damages - Portfolio | 2,992,904.48 |
|---|---|

Case 2:22-bk-13669-NB  Claim 581  Filed 10/20/22  Desc Main Document  Page 5 of
21STCV17667
Electronically FILED by Superior Court of California, County of Los Angeles on 05/12/2021 12:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

1 │ Michael C. Lieb (SBN 126831)
    mlieb@ecjlaw.com
2 │ Andrew J. Peterson (SBN 293886)
    apeterson@ecjlaw.com
3 │ **ERVIN COHEN & JESSUP LLP**
    9401 Wilshire Boulevard, Ninth Floor
4 │ Beverly Hills, California 90212-2974
    Telephone  (310) 273-6333
5 │ Facsimile  (310) 859-2325

6 │ Attorneys for Michael Horner and Thomas Horner
7 │ as Co-Trustees of the Horner Family Trust

8

9 │ **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 │ **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12 │ MICHAEL HORNER AND THOMAS         Case No. 21STCV17667
     HORNER AS CO-TRUSTEES OF THE
13 │ HORNER FAMILY TRUST,              **COMPLAINT FOR FRAUD, BREACH OF
                                        FIDUCIARY DUTY, NEGLIGENCE,**
14 │         Plaintiffs,                **BREACH OF CONTRACT, AND
                                        FINANCIAL ELDER ABUSE**
15 │     v.

16 │ STRONG WEALTH MANAGEMENT LLC;
     GEORGE G. STRONG III, and DOES 1-10,
17 │ inclusive,

18 │         Defendants.

19

20 │     Plaintiffs Michael Horner and Thomas Horner, in their capacities as co-trustees of the

21 │ Horner Family Trust allege as follows:

22 │     **SUMMARY OF THE CASE**

23 │     1.      Investing the life savings of a then-83 year old man, defendants Strong Wealth

24 │ Management LLC and George Strong III (collectively, "Strong") managed to lose 80% of the

25 │ Trust's $2.67 million investment in the span of a single year.  In so doing, Strong completely

26 │ ignored the investment goals of their client and any semblance of prudent investment strategy,

27 │ instead engaging in thousands of often conflicting trades that could not reasonably have been

28 │ expected to serve the client's investment objectives.  They have left Plaintiff Michael Horner,

*(left margin, vertical)* ERVIN COHEN & JESSUP LLP

1   whose assets were deposited into the Horner Family Trust, without the retirement savings he

2   worked a lifetime to produce. In doing the acts alleged herein, Strong acted fraudulently and

3   negligently, and they took, secreted, appropriated, obtained and/or retained the personal property

4   of an elder for a wrongful use and/or with an intent to defraud, thus constituting financial elder

5   abuse within the meaning of California Welfare and Institutions Code §15610.30.

6   **THE PARTIES**

7      2.   Plaintiffs **Michael (Mike) Horner** and **Thomas (Tom) Horner** are, respectively,

8   father and son, and co-trustees of the **Horner Family Trust** (the "**Trust**"). Mike Horner was born

9   on April 20, 1936 and was over the age of 65 as the date of all of the events giving rise to

10   Defendants' liability, as alleged in this Complaint.

11      3.   The **Trust** is a revocable living trust originally created in 1995 by Mike Horner and

12   his now-deceased wife, Sally, as settlors and trustees. The Trust, which contains the assets of

13   Mike Horner and holds those as assets for the sole benefit of Mike Horner during his lifetime, is

14   not an entity separate from its trustees.

15      4.   Sally Horner passed away on January 24, 2017, after which Mike Horner, unable to

16   live there without his wife, sold the family home, in which he and Sally had resided since 1974.

17   The proceeds of that sale netted Mike Horner approximately $1.8 million, which constituted the

18   bulk of Mr. Horner's net worth and also the majority of the money entrusted to Strong's

19   investment management.

20      5.   Defendant **Strong Wealth Management LLC ("SWM")** is a registered

21   investment advisory firm located in Pasadena, California. SWM touts the fact that its position as

22   an investment adviser creates fiduciary duties that distinguish it from brokers or financial advisors.

23   [http://strongwealth.com/our-firm/]. SWM's Written Investment Policy Statement further

24   acknowledges its fiduciary obligations to its clients.

25      6.   On information and belief, defendant **George G. Strong III** (also referred to as

26   "**Mr. Strong**" or "**George**") is the President/Managing Member and Chief Compliance Officer of

27   SWM, and he so identified himself in the Investment Advisory Agreement signed by SWM and

28   Plaintiffs. Per his website biography, Strong claims to hold a B.S. from Vanderbilt University and

17501.1:10214206.7

2

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

ERVIN COHEN & JESSUP LLP

Case 2:22-bk-13065-NB    Claim 5-1    Filed 06/24/22    Desc Main Document    Page 3 of
Case 2:22-bk-13065-NB    Doc 581    Filed 11/02/22    Entered 11/02/22 14:50:50    Page 7 of
Main Document 16    Page 15 of 66

1 │ an MBA from the Marshall School of Business at the University of Southern California.  Mr.

2 │ Strong also states that he is an Accredited Wealth Management Advisor and earned a "certificate"

3 │ in Financial Markets from Yale University.  Strong states that he is presently working toward his

4 │ CFP (Certified Financial Planner) designation.

5 │        7.      Plaintiffs are ignorant of the true names and capacities of the defendants sued

6 │ herein as Does 1-10, inclusive, and thus sues said defendants by their fictitious names.  Plaintiffs

7 │ are informed and believe and thereon allege that each of the fictitiously-named defendants is liable

8 │ to Plaintiffs, along with the named defendants, for the damages alleged in this Complaint.

9 │ Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 10

10 │ when the same become known to Plaintiffs.

11 │ **UNDERLYING FACTS**

12 │       8.      Plaintiff Mike Horner received a B.A. from Cornell University in 1958.  Following

13 │ graduation, he worked in residential construction and industrial sales.  In 1965, he returned to

14 │ school and received an MBA in marketing from Wharton Graduate School in 1967.  Following

15 │ graduation from Wharton, Mike Horner worked as an associate with McKinsey & Company

16 │ before forming his own management consulting firm known as Horner, Walter & Company.  He

17 │ later joined the consulting firm Rex Land & Associates as Vice President and Director.

18 │       9.      In 1973, Mike and Sally Horner acquired a summer day camp known as Tom

19 │ Sawyer Camps.  Rescuing it from the brink of insolvency, he and Sally ran the camp until passing

20 │ it along to their daughter Sarah in 2004.  In 1992, the Horners acquired an interest in Catalina

21 │ Island Camps, which Mike's son, co-plaintiff Tom Horner, now operates with his wife.  The

22 │ transfer of these assets to his children left Mike Horner reliant on his savings to fund his

23 │ retirement.

24 │       10.     In addition to his business pursuits, Mike is very active in the community.  He is

25 │ past President of the Wharton Graduate School Alumni Association of Los Angeles; past

26 │ Chairman of the Board of the Eisner Pediatric and Family Medical Center; past President of the

27 │ Pasadena Young Musicians Orchestra; past board member of the Bishop Goodin Home; and is

28 │ currently a trustee of the Criminal Justice Legal Foundation and the Mt. Wilson Institute.

ERVIN COHEN & JESSUP LLP

17501.1:10214206.7

3

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

11.     After a long battle with dementia, Sally Horner passed away on January 24, 2017. By that time, Mike and Sally's children had taken over the two camps and Mike was retired with no source of income other than savings and social security.  He promptly made the decision to sell the family home which he and Sally had purchased in 1974, and in which they raised their family. Mike initially placed the net proceeds of that sale into a Charles Schwab account, which was valued at $1,625,935.69 when the account was transferred to SWM's control in an account with Interactive Brokers LLC ("IB").

12.     At that time, Mike's remaining savings were held in a separate account at Morgan Stanley.  That account, valued at $1,036,571.20, also was transferred to SWM's control and placed in the IB account.

13.     The relationship between Mike Horner and George Strong began with a chance meeting at the Valley Hunt Club in Pasadena which was holding an antique car show and where they were both members. George came over to Mike's car to admire it and introduced himself. During the conversation, Mike learned that, many years before, George had been a camper at Tom Sawyer Camps and he had been raised in La Canada in a home familiar to Mike. Later at the car show, Mike and a friend joined George and his wife and three young daughters for lunch.  That conversation eventually led to a meeting at the offices of SWM during which Mr. Strong solicited Mike Horner's business.

14.     The timing was fortuitous.  As noted above, Mike Horner had recently sold his home and he had a sizeable nest egg that he wished to preserve and use for his retirement.  Mike had also recently spoken with his son Tom about his concern for preserving and protecting those funds, and Tom encouraged Mike to find someone to provide sound financial advice in order to ensure that Mike's funds were carefully invested and continued to serve as retirement income.

15.     When Mike arrived for his meeting, he noticed that the SWM offices were impressive.  SWM was just moving in and there was a lot of activity.  He and George quickly began talking business.  Mr. Strong told Mr. Horner about his experience, touting his past employment with Morgan Stanley and Merrill Lynch.  Mr. Strong explained that one of the reasons for striking out on his own was to move his office to the Pasadena area and avoid a long

4
COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT, AND FINANCIAL ELDER ABUSE

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

1   commute to the West Side.  Mr. Strong described his strong attachments to the Pasadena area and

2   community, and it turned out that Mr. Strong also attended the same church as Tom Horner.

3        16.   During the meeting, Mr. Horner explained his financial position clearly, including

4   the recent sale of his home and the investments he currently held.  Mr. Horner explained that he

5   was looking for an investment strategy that prioritized wealth preservation and income generation.

6   Overall, Mr. Horner stated that he was looking for a conservative approach.  He specifically

7   explained that he was looking to make long-term investments in both established and up-and-

8   coming companies.  He wanted to pursue a buy-and-hold strategy, with the occasional use of puts

9   and calls to hedge his investments and generate income.  Mike was clear that he did not want his

10  account churned.

11       17.   As a then-83 year old retiree, Mike Horner was looking to preserve the wealth that

12  he had accumulated over a lifetime of work and to make monthly withdrawals of $9-10,000 to pay

13  living expenses.  The fact that Mr. Horner needed to receive monthly payments to pay living

14  expenses should, in itself, have indicated how important the preservation of the invested funds

15  was, but Mr. Horner told Strong explicitly that he was transferring the bulk of his money to the IB

16  account and it was to be managed by Strong for conservative growth and income.

17       18.   Consistent with that discussion, Mr. Horner's answers to the "Client

18  Questionnaire" stated that he was "retired/unemployed;" seeking capital preservation and income;

19  investing more than half of his "overall investment plan" with SWM; and was looking to draw

20  monthly payments of $10,000.  Mr. Horner listed his risk tolerance as "moderate."

21       19.   On or about August 7, 2019, Mr. Strong presented Mr. Horner with a Portfolio

22  Analysis.  It valued the Trust's invested assets as of August 6, at $2,616,421.00 and showed that,

23  as of that date, the Trust's investments, managed by Mike Horner, closely mirrored the S&P 500

24  index, illustrating an 87% correlation with the Trust's investment allocation.  Since 2017, per

25  Strong's analysis, the Trust's performance had slightly lagged the S&P 500 index (which included

26  smaller losses for the Trust in 2018, when the Trust's assets lost 3.94% of their value while the

27  S&P 500 showed a 4.38% loss).  The Trust's top four holdings, comprising approximately 23% of

28  the Trust's total investments, were Johnson & Johnson, Amazon.com, Apple Inc. and Blackstone

17501.1:10214206.7

5

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

ERVIN COHEN & JESSUP LLP

1    Group Inc., followed in fifth place by cash holdings totaling 4.4% of the portfolio. The worst-

2    performing of these top-four holdings (J&J) increased 12.75% during the time Strong managed the

3    Trust's investment assets. The others increased in value 32% (Blackstone); 80% (Amazon); and

4    149% (Apple).

5        20.    On the valuation date of the Portfolio Analysis, August 6, 2019, the S&P 500 index

6    stood at 2,881.77. On December 1, 2020, the S&P 500 index closed at 3,662.45, an increase of

7    27%. During that same timeframe, the Trust's account value plummeted to $475,099.23, an

8    almost unimaginable **loss** of 80.27% -- totaling $2,195,948.02 in losses on a $2.67 million initial

9    investment, and a loss of $2,850,118 as compared with an S&P 500 index fund.

10       21.    The Portfolio Analysis included a "Portfolio Proposal." Consistent with the Client

11    Questionnaire, the Portfolio Proposal stated that Mr. Horner would draw funds from the account

12    immediately; was looking to "grow moderately;" and consistent with the Trust's prior

13    performance, Mr. Horner wanted the account to "trail the stock market but make a moderate

14    profit."

15       22.    The Portfolio Proposal contained three "SWM Proposed Portfolios." It proposed

16    investing $1 million in a "High Income & Growth with 6% Income" portfolio; $500,000 in a Tax-

17    Advantaged Income portfolio; and $500,000 in an Options-Enhanced Equity Income Portfolio.

18    Mr. Strong conveyed to Mike that this strategy was consistent with Mike's conservative

19    investment objectives.

20       23.    SWM did not actually follow any of these proposed portfolios, and it certainly

21    made no effort to serve its client's investment objectives. Instead, it engaged in a frenetic series of

22    trades with no apparent strategy, and certainly with no effort to adhere to a conservative, income

23    producing and wealth preservation strategy. None of this was at all foreshadowed by the

24    conservative and fairly static Portfolio Proposal. Nor was any of this activity consistent with Mike

25    Horner's conservative investment objectives.

26       24.    In reliance on Strong's representations, Mike and Tom Horner each executed the

27    Investment Advisory Agreement ("IA Agreement") pursuant to which the Trust granted SWM

28    discretionary investment management, which authorized SWM to "execute purchases and sales of

17501.1:10214206.7

6

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

1  securities on Client's behalf without consulting Client regarding each sale or purchase." A true

2  and correct copy of the IA Agreement is attached hereto as exhibit 1 and incorporated herein by

3  this reference. As the IA Agreement further states, by signing the contract, the Horners were

4  authorizing SWM to act as investment adviser. As investment adviser, SWM was to "supervise

5  and direct the investments of and for the account, subject to the objectives, limitations and

6  restrictions listed in Client's Written Investment Policy Statement ("IPS"), which is attached as

7  Exhibit I."

8      25.    The IPS itself is a boilerplate document that says very little and contains some

9  language that implies that it is not actually the IPS but a tool to be used to create an investment

10  policy. The IPS does confirm SWM's fiduciary duties and appears to incorporate the Client

11  Questionnaire on the following page. The Client Questionnaire confirmed that Mike Horner was:

12  widowed; retired/unemployed; receiving income, including annual investment income of $100,000

13  to $250,000; was investing more than 50% of the Trust's "overall investment plan" with SWM;

14  seeking capital preservation and income (but not growth); accepting of moderate risk; and

15  anticipating monthly withdrawals of $10,000. All of this information confirmed that SWM was to

16  invest the funds entrusted to it conservatively.

17      26.    In accordance with the IA Agreement, SWM was to be paid an annual fee equal to

18  1% of assets under management (known as AUM).

19      27.    Following execution of the IA Agreement, the Trust transferred approximately $2.6

20  million to the IB account controlled by SWM. As of December 31, 2019, the value of the account

21  was virtually unchanged from its August 2019 value as depicted in the Portfolio Analysis. In the

22  2020 Activity Statement provided by SWM, the cash and securities held in the IB account were

23  valued at $2,671,047.25 as of December 31, 2019. As of December 1, 2020, the value of the IB

24  account had dropped to $475,099.23, a loss of $2,195,948.02. During this time, Mike Horner

25  withdrew just $106,000 to pay his living expenses, producing a net investment loss of

26  $2,089,948.02, greater than 78%. The S&P 500 Index closed at 3,230.78 on December 31, 2020.

27  On December 1, 2020, it closed at 3,662.45, an increase of more than 13%. Had the Trust simply

28  been invested in an S&P 500 index fund, the account would have been worth $3,325,217 by

17501.1:10214206.7

7

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

ERVIN COHEN & JESSUP LLP

1    December 1, 2020, $2,850,118 higher than what occurred.

2    28.    To produce this extraordinary loss, SWM did not follow any coherent investment

3    strategy. Its 2020 Activity Statement reflects approximately 10,000 trades made over the course

4    of eleven months. Indeed, the SWM Activity Statement includes 414 pages of trades, with each

5    page reflecting a minimum of 25 trades.

6    29.    The results have been ruinous to Mike Horner. At age 85, his retirement nest egg is

7    gone, due solely to the incompetent, fraudulent and abusive conduct of Strong.

8    **FIRST CAUSE OF ACTION**

9    **(FRAUD)**

10    30.    Plaintiffs incorporate herein, as if alleged in full, the allegations in paragraphs 1

11    through 29, inclusive.

12    31.    To induce Plaintiffs to invest the bulk of Mike Horner's life savings with SWM,

13    Defendants made, among others, the following representations to Mike Horner:

14    (a)    That Strong would pursue a conservative buy-and hold investment approach

15    designed to preserve capital and generate income while accepting only moderate risk;

16    (b)    That Strong would adhere to the Written Investment Policy Statement that

17    incorporated the foregoing investment goals;

18    (c)    That Strong had the training, experience and expertise to execute a

19    conservative investment strategy consistent with Mike Horner's investment objectives;

20    (d)    That Strong would use the IPS, client interviews and conversations, and

21    client meetings to formulate an investment strategy consistent with Mike Horner's objectives; and

22    (e)    That Strong would treat the Trust with a fiduciary standard of care –

23    meaning that the Client's interests would always be at the forefront.

24    32.    Defendants intended that Mike and Tom Horner would rely on these

25    representations in deciding to entrust the bulk of Mike Horner's life savings to SWM's

26    management, and they in fact did so rely.

27    33.    Each of the foregoing representations was false as follows:

28    (a)    Strong did not pursue and, it is apparent from the trades carried out by

ERVIN COHEN & JESSUP LLP

17501.1:10214206.7    8

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT, AND FINANCIAL ELDER ABUSE

1   SWM, never intended to pursue, a buy-and-hold trading strategy designed to preserve capital and

2   generate income while incurring only moderate risk;

3         (b)     Strong did not intend to, and in fact did not, adhere to the IPS;

4         (c)     Strong lacked the training, experience and expertise to execute a proper

5   conservative trading strategy that the client desired;

6         (d)     Strong did not use, and never intended to use, the IPS, along with client

7   interviews and meetings to guide the investment strategy Defendants employed; and

8         (e)     Strong did not place the client's interests above its own, as required by the

9   fiduciary standard it accepted and touted, but instead violated and made no attempt to adhere to

10   several of the four types of fiduciary duties imposed on Strong, which included a duty of loyalty,

11   duty of full disclosure, duty of highest good faith and fair dealing, and duty of care.

12      34.    As a result of their reliance on Strong's misrepresentations, Plaintiffs suffered

13   damages as alleged more fully above, in the sum of at least $2.8 million.

14      35.    In the actions alleged above, resulting in Strong defrauding Mike Horner out of the

15   bulk of his life savings, Strong acted with oppression, fraud or malice thus entitling Plaintiffs to

16   recover exemplary or punitive damages.

17                   **SECOND CAUSE OF ACTION**

18                   **(BREACH OF FIDUCIARY DUTY)**

19      36.    Plaintiffs incorporate herein, as if alleged in full, the allegations in paragraphs 1

20   through 35, inclusive.

21      37.    In serving as investment adviser Strong owed fiduciary duties of loyalty, full

22   disclosure, highest good faith and fair dealing, and due care.

23      38.    Per the Commission Interpretation Regarding Standard of Conduct for Investment

24   Advisers, which constitutes the SEC's interpretation of the requirements of the Investment

25   Advisers Act of 1940 [15 U.S.C. § 80b; 17 CFR 275], the duty of due care includes a duty to

26   provide advice that is in the best interest of the client, to seek best execution, and to provide advice

27   and monitoring over the course of the relationship. To provide suitable investment advice, the

28   investment adviser must take into consideration the client's financial situation, investment

17501.1:10214206.7

9

ERVIN COHEN & JESSUP LLP

1    experience, and investment objectives. *See* Investment Advisers Act, Release No. 1406 (March

2    16, 1994).

3        39.    Departure from the fiduciary standard may constitute fraud under Section 206 of

4    the Investment Advisers Act.

5        40.    By the acts described above, Strong knowingly and intentionally breached its

6    fiduciary duties owed to the Trust and its trustees.

7        41.    Plaintiffs suffered damages as alleged more fully above, in the sum of at least $2.8

8    million.

9        42.    In the actions alleged above, resulting in Strong defrauding Plaintiffs out of the

10   bulk of Mike Horner's life savings, Strong acted with oppression, fraud or malice thus entitling

11   Plaintiffs to recover exemplary or punitive damages.

12                        **THIRD CAUSE OF ACTION**

13                           **(NEGLIGENCE)**

14       43.    Plaintiffs incorporate herein, as if alleged in full, the allegations in paragraphs 1

15   through 42, inclusive.

16       44.    Strong owed Plaintiffs a duty of due care – and indeed, of utmost due care.

17       45.    The actions of Strong breached that standard of care resulting in damages to

18   Plaintiffs in an amount to be proven at trial.

19                        **FOURTH CAUSE OF ACTION**

20                  **(BREACH OF CONTRACT – AGAINST SWM ONLY)**

21       46.    Plaintiffs incorporate herein, as if alleged in full, the allegations in paragraphs 1

22   through 29, inclusive.

23       47.    Plaintiffs and SWM were parties to a contract known as the IA Agreement.

24       48.    Plaintiffs complied with all of their duties and responsibilities under the IA

25   Agreement.

26       49.    SWM breached its duties under the contract by, *inter alia,* failing to supervise and

27   direct investments of the Account in accordance with the investment objectives of Mike Horner, as

28   set forth in the Written IPS.

17501.1:10214206.7

10

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

ERVIN COHEN & JESSUP LLP

50. Plaintiffs suffered damages on account of SWM's breach in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## (FINANCIAL ELDER ABUSE)

51. Plaintiffs incorporate herein, as if alleged in full, the allegations in paragraphs 1 through 42, inclusive.

52. A Defendant violates Welfare and Institutions Code Section 15610.30 "when an elder or dependent adult is deprived of any property right, including by means of an agreement . . . regardless of whether the property is held directly or by a representative of an elder or dependent adult."

53. Mike Horner was an elder, as that term is used in the Financial Elder Abuse statute, which defines an elder as any person who is 65 years old or older.

54. Furthermore, a person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult.

55. As alleged more fully above, Strong took, secreted, appropriated, obtained or retained the Trust's funds for a wrongful use or with intent to defraud.

56. In so doing, Strong committed financial elder abuse.

57. In addition to all other remedies provided by law, Plaintiffs are entitled to recover their reasonable attorney's fees and costs pursuant to Welfare & Institutions Code §15657.5.

58. Furthermore, Defendants acted with recklessness, oppression, fraud or malice in the commission of the abuse of Mike Horner, thereby entitling Plaintiffs to an award of punitive damages and treble damages pursuant to Cal. Civ. Code §3294 and Cal. Civ. Code §3345.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For damages in an amount to be proven at trial in an amount believed to be in excess of $2.8 million;

ERVIN COHEN & JESSUP LLP

17501.1:10214206.7

11

COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT, AND FINANCIAL ELDER ABUSE

2.    For punitive or exemplary damages and treble damages;

3.    For plaintiffs' costs of suit and reasonable attorneys' fees; and

4.    For such other and further relief as this Court may see fit to award.

DATED: May 11, 2021                              ERVIN COHEN & JESSUP LLP
                                                 Michael C. Lieb
                                                 Andrew J. Peterson


                                    By:    _____/s/ Michael C. Lieb_____
                                                 Michael C. Lieb
                                                 Attorneys for Michael Horner and Thomas Horner
                                                 as Co-Trustees of the Horner Family Trust

17501.1:10214206.7                              12
COMPLAINT FOR FRAUD, BREACH OF FIDUCIARY DUTY, NEGLIGENCE, BREACH OF CONTRACT,
AND FINANCIAL ELDER ABUSE

Exhibit "1"
Page 23

EXHIBIT "2"

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

VIVIAN CARRASCO HOSP [SBN 266742]
YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CA 90210

TELEPHONE NO.: (310) 887-5100    FAX NO. *(Optional):* (310) 887-5119

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* PETITIONER, BROOKE STRONG

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 28 2022

Sherri R. Carter, Executive Officer/Clerk of Court

MARRIAGE OR PARTNERSHIP OF
PETITIONER: BROOKE STRONG

RESPONDENT: GEORGE GORDON STRONG III

| JUDGMENT | CASE NUMBER: |
|---|---|
| [X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY | 21STFL05172 |

[ ] Status only
[ ] Reserving jurisdiction over termination of marital or domestic
partnership status
[ ] Judgment on reserved issues
Date marital or domestic partnership status ends: APR 28 2022

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [X] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested [ ] Agreement in court
   a. Date: APR 28 2022    Dept.: 2    Room: 2 U
   b. Judicial officer *(name):*    [ ] Temporary judge
   c. [ ] Petitioner present in court    [ ] Attorney present in court *(name):*
   d. [ ] Respondent present in court    [ ] Attorney present in court *(name):*
   e. [ ] Claimant present in court *(name):*    [ ] Attorney present in court *(name):*
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* July 8, 2021
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
   status of single persons
   (1) [X] on *(specify date):* APR 28 2022
   (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to *(specify):*
   g. [X] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [X] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
   *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
   court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
   of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a
   Child Support Order* (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. July 1, 2012]

JUDGMENT
(Family Law)

Family Code, §§ 2024, 2340,
2343, 2346
www.courts.ca.gov

CEB | Essential Forms
ceb.com

STRONG, BROOKE

Exhibit "2"
Page 24

FL-180

| CASE NAME (Last name, first name of each party):<br>STRONG, BROOKE<br>– STRONG III, GEORGE GORDON | CASE NUMBER:<br>21STFL05172 |
|---|---|

4. i. ☒ The children of this marriage or domestic partnership are:

    (1) ☒  Name                                        Birthdate

             Emma Grace Strong                08/18/2017

             Madeleine Margaret Strong     11/14/2012

             Charlotte Welles Strong       11/28/2010

    (2) ☐  Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j. ☒ Child custody and visitation (parenting time) are ordered as set forth in the attached

    (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).

    (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    (4) ☐ Previously established in another case. Case number:             Court:

k. ☐ Child support is ordered as set forth in the attached

    (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).

    (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

    (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    (4) ☐ Previously established in another case. Case number:             Court:

l. ☒ Spousal, domestic partner, or family support is ordered:

    (1) ☐ Reserved for future determination as relates to ☐ petitioner ☐ respondent

    (2) ☒ Jurisdiction terminated to order spousal or partner support to ☒ petitioner ☒ respondent

    (3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    (4) ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.

    (5) ☐ Other *(specify):*

m. ☒ Property division is ordered as set forth in the attached

    (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

    (3) ☐ Other *(specify):*

n. ☒ Attorney fees and costs are ordered as set forth in the attached

    (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Attorney Fees and Costs Order* (form FL-346).

    (3) ☐ Other *(specify):*

o. ☒ Other *(specify):*   The Court reserves jurisdiction with respect to child support.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

5. Number of pages attached: _____38_____                    JUDICIAL OFFICER

                                              ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

CEB® Essential Forms
ceb.com

STRONG, BROOKE

Exhibit "2"
Page 25

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

## ATTACHMENT TO STIPULATED JUDGMENT (FL-180)

**PURSUANT TO CALIFORNIA RULES OF COURT, RULE 5.411**, Petitioner, Brooke Strong, and Respondent, George Gordon Strong III, personally and through their respective attorneys of record, stipulate to the following Judgment of Dissolution of Marriage ("Stipulated Judgment"). **IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## I.    RECITALS

A.    The Court finds that the parties were married on May 30, 2010.

B.    The Court finds that irreconcilable differences have arisen between the parties, as a result of which they separated on or about January 5, 2021, and that the parties have been separated continuously thereafter.  Accordingly, the Court finds the date of separation to be January 5, 2020.

C.    The Court finds that the parties have three (3) minor children, Emma Grace Strong, born August 18, 2017, Madeleine Margaret Strong, born November 14, 2012 and Charlotte Welles Strong, born November 28, 2010 (the "Minor Children").  The Court finds, and the parties acknowledge and agree, that the parties entered into a Stipulation and Order Re: Child Custody and Visitation on December 29, 2021, filed with the Court on December 30, 2021.

D.    The parties participated in a Voluntary Settlement Conference on November 30, 2021 with Commissioner Jill Schlesinger Robbins [Ret.] ("VSC").  At the conclusion of the settlement conference, the parties entered into a Deal Memorandum dated November 30, 2021, the terms of which are incorporated herein.

E.    The parties each hereby stipulate and agree that they have entered into this Stipulated Judgment to effect a complete and final settlement between the parties of (1) all of their personal and property rights, claims and obligations; and (2) all other marital rights, claims and obligations including, but not limited to, a fair, just and equitable division

**YOUNG, SPIEGEL & HOSP, LLP.**
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

of the property of the parties, and that this Stipulated Judgment satisfies any and all obligations, claims or rights that either party may claim for spousal support and maintenance arising by virtue of their marital relationship or otherwise. The Court finds, and the parties acknowledge and agree, that the Court reserves jurisdiction with respect to physical custody and visitation and support of the Minor Children.

F.    Petitioner acknowledges and agrees (1) that Petitioner has been represented by counsel of Petitioner's own choosing; (2) that Petitioner has read this Stipulated Judgment and has had it fully explained by such counsel; (3) that Petitioner is fully aware of the contents hereof and of its legal effect; and (4) that Petitioner has executed this Stipulated Judgment in reliance upon Petitioner's own independent judgment free from coercion, duress and/or undue influence.

G.    Respondent acknowledges and agrees (1) that Respondent has been represented by counsel of Respondent's own choosing; (2) that Respondent has read this Stipulated Judgment and has had it fully explained by such counsel; (3) that Respondent is fully aware of the contents hereof and of its legal effect; and (4) that Respondent has executed this Stipulated Judgment in reliance upon Respondent's own independent judgment free from coercion, duress and/or undue influence.

H.    Petitioner and Respondent each respectively acknowledge (1) that said party has obtained no unfair advantage over the other party as a result of this Stipulated Judgment; (2) that there is sufficient consideration for the entry into this Stipulated Judgment; and (3) that said party was not under any coercion or undue influence in entering into this Stipulated Judgment.

I.    Petitioner and Respondent each respectively acknowledge (1) that all negotiations leading to this Stipulated Judgment were carried on at arm's length; (2) that the confidential relationship arising out of the marriage of the parties did not exist during such negotiations; and (3) that said party recognized that the interests of said party and the other party were adverse during such negotiations.

J.    Petitioner and Respondent each hereby stipulate and agree (1) that each

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    of the parties has her or his own knowledge and opinion concerning the nature, extent

2    and value of community, quasi-community and separate assets and liabilities, income,

3    and all other matters; (2) that each party relied upon her or his own knowledge, opinions

4    and valuations; (3) that each party has sought and obtained separate and independent

5    counseling from other persons concerning said matters; and (4) that no representation by

6    either party has been relied upon by the other concerning the nature, extent and value of

7    community, quasi-community and separate assets and liabilities, income, and all other

8    matters.

9         K.     Petitioner and Respondent each stipulate and agree that in negotiating the

10   economic terms of this Stipulated Judgment, each of the parties was informed of the laws

11   of the State of California which permit the opportunity for each party to obtain from the

12   other, and from others, all facts pertaining to financial aspects of the parties including, but

13   not limited to, all of the financial circumstances of the other party, and the income which

14   each is likely to derive from the property acquired by each party pursuant to this Stipulated

15   Judgment, both on a voluntary basis and through formal discovery procedures. Each

16   party represents and warrants to the other that each party desires a settlement of all

17   matters set forth in this Stipulated Judgment, and that each party voluntarily chooses not

18   to exercise any further discovery rights as to the issues set forth herein including, but not

19   limited to, serving form and special interrogatories, inspection demands, and requests for

20   admission; issuing subpoenas; taking depositions of the parties and third parties; and

21   obtaining expert or other appraisals of real, personal and/or business properties and other

22   assets. Each party acknowledges that she/he has been informed of the obligations

23   imposed upon each to disclose assets, liabilities, income, and investment opportunities.

24   Each party knowingly, voluntarily, and expressly waives her or his rights to engage in

25   discovery, both formal and informal, and to fully investigate the financial circumstances

26   of the other party, and that each party has specifically requested that counsel not exercise

27   the same on such party's behalf. Each party accepts the economic terms of this

28

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    Stipulated Judgment with full knowledge of her and his rights in light of the foregoing

2    waiver.

3        L.    Petitioner and Respondent each also acknowledge that in entering into a

4    negotiated settlement of all of the issues between them as set forth herein, each party

5    knowingly, voluntarily, and expressly waives her and his rights to a full evidentiary hearing

6    on the merits with respect to those issues.  Each party acknowledges that each such party

7    has been advised by her and his own counsel and other advisors that the economic and

8    other benefits conferred on each party by this Stipulated Judgment may be better or worse

9    than the economic and other benefits that would be conferred on each party after a full

10   evidentiary hearing.   Each party acknowledges and agrees that each such party has

11   considered the risk of litigation and the cost thereof, and has knowingly, voluntarily, and

12   expressly decided that it is preferable to settle the issues rather than to be subjected to

13   the uncertainties of the litigation process.  Each party acknowledges and agrees that each

14   such party's counsel has advised the respective client that in the event this Stipulated

15   Judgment is signed, said counsel cannot be responsible in any manner whatsoever with

16   regard to income or the nature, extent, condition or value of any assets and obligations,

17   whether community, quasi-community, or separate, and whether confirmed or disposed

18   of herein.  Petitioner and Respondent each represent and warrant that in entering into

19   this Stipulated Judgment, such party has not relied upon the representation of any

20   counsel or of opposing counsel in any manner or form with regard to income or the nature,

21   extent, condition or value of any assets and obligations, whether community, quasi-

22   community, or separate, and whether confirmed or disposed of herein.

23       M.    Petitioner and Respondent each represent and warrant that each such party

24   has not heretofore assigned any claim or claims against the other party to any third person

25   or entity whatsoever.  Each of the parties represents and warrants that she/he has not

26   caused or permitted to be placed on any property described in this Stipulated Judgment

27   any new and/or additional encumbrance, lien, charge or otherwise which is not set forth

28   in this Stipulated Judgment. In the event that it is hereafter determined by a court of

-4-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    competent jurisdiction that either of the parties has heretofore assigned any claim or

2    claims against the other party to any third person or entity whatsoever, or has caused or

3    permitted to be placed on any property described in this Stipulated Judgment any new

4    and/or additional encumbrance, lien, charge or otherwise which is not set forth in this

5    Stipulated Judgment, then the party against whom such finding has been made is ordered

6    to pay to the other party, on demand, a sum equal to the amount of any such assigned

7    claim or claims, or a sum equal to the amount of any such new and/or additional

8    encumbrance, lien, charge or otherwise, as determined by the Court, and the Court

9    retains jurisdiction to make any such determinations and Orders in that regard.  In the

10    event that a legal action is instituted to enforce any such claim or demand, then the

11    prevailing party shall be entitled to reasonable attorney's fees and costs incurred in that

12    regard.

13        N.        With the exception of support and custody of the Minor Children, as to which

14    the Court reserves jurisdiction, Petitioner and Respondent mutually desire to and have

15    forever adjusted by and between themselves all past, present and future rights of every

16    kind and nature whether relating to spousal support; community property, quasi-

17    community property, and separate property regardless of where any such property may

18    be located; rights of reimbursement, credit, and offset; attorney's fees and costs; and all

19    other rights and claims that either party may have or claim to have against the other

20    through the date of execution of this Stipulated Judgment.  The provisions of this

21    Stipulated Judgment are accepted in full satisfaction of any claim that either party may

22    have or claim to have against the other and constitute a full and final accord and

23    satisfaction of all claims which each may have against the other.

24        O.        The parties acknowledge and agree that they have separated.  Since the

25    date of separation each of the parties has been and shall hereafter be free from any

26    interference, authority or control by the other.  Each of the parties may, in every respect

27    without and free from any control, restraint or interference, direct or indirect, by the other

28    party, carry on and engage in any employment, business or trade which to such party

-5-

**ATTACHMENT TO STIPULATED JUDGMENT**

1  shall seem advisable for such party's sole and separate use and benefit; dispose of any

2  property which was acquired pursuant to this Stipulated Judgment; and conduct and carry

3  on such party's personal and business affairs in such manner as to such party may seem

4  necessary or advisable for such party's own sole and separate use, benefit and

5  enjoyment, as fully and effectively as though each was single and unmarried, and had

6  never been married, except only as expressly provided herein.

7

8  **II.    MUTUAL WAIVER OF SPOUSAL SUPPORT**

9       A.    Petitioner forever absolutely waives any and all rights which she may have

10  to seek or receive temporary or permanent spousal support from Respondent, and

11  Respondent forever absolutely waives any and all rights which he may have to seek or

12  receive temporary or permanent spousal support from Petitioner.  No Court shall ever

13  obtain or retain jurisdiction to award any temporary or permanent spousal support to

14  either Petitioner or Respondent from the other party.  No Court shall ever have the power

15  to order spousal support payable by Petitioner to Respondent or by Respondent to

16  Petitioner.  Petitioner and Respondent expressly recognize that she/he are precluded

17  from making any claim for temporary or permanent spousal support, and that this waiver

18  may result in hardship to her/him at some time in the future.  This Stipulated Judgment

19  forever terminates the right of Petitioner and the right of Respondent to ask for temporary

20  or permanent spousal support, the power and/or jurisdiction of any Court to order

21  temporary or permanent spousal support for Petitioner or Respondent, and Petitioner's

22  or Respondent's right to claim or receive temporary or permanent spousal support.

23       B.    Each party understands that the Court is required to consider all of the

24  factors set forth in Family Code §4320 in making a spousal support award, such as the

25  need for spousal support, the ability to pay spousal support, any history of domestic

26  violence, any hardships, any tax consequences, and other relevant factors. Each party

27  further understands that she/he has the right to a hearing on the issue of spousal support,

28  to present evidence and argument to the Court concerning her/his request for spousal

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

DocuSign Envelope ID: E10B4F80-E81S-48C3-8BD4-9C624E3987FA

1   support, or opposition thereto, and that the Court is required, on request, to issue a

2   Statement of Decision. Each party further understands that she/he has the right to appeal

3   any decision by the Court concerning spousal support. However, by signing this

4   Stipulated Judgment, each party is knowingly and voluntarily waiving: (1) the right to have

5   the Court consider the Family Code §4320 factors; (2) the right to an evidentiary hearing;

6   (3) the right to a Statement of Decision; and (4) the right to appeal.

7       C.     Each party understands that there may be significant changes in either

8   party's income, health, or other circumstances in the future which could otherwise result

9   in consideration of spousal support to either party.  Each party understands that spousal

10  support awards may be modified by the Court upon a showing of a material change of

11  circumstances.  However, by signing this Stipulated Judgment, each party is waiving the

12  right to seek spousal support from either party at any time in the future and is waiving the

13  right to request that the Court modify this Stipulated Judgment and/or rescind or invalidate

14  the spousal support waiver, regardless of any change of circumstances.  The Parties

15  agree that no Court shall have the power to modify the amount, duration, or other

16  conditions relating to the absolute waiver of spousal support set forth in this Stipulated

17  Judgment.

18      D.     The parties intend to and shall comply with the provisions of Family Code

19  §3591(c), which states that a written agreement specifically providing that spousal

20  support may not be revoked or modified, is not in itself subject to modification or

21  termination.

22      E.     Each party understands that the Court is required to retain jurisdiction to

23  award spousal support to either party indefinitely where the marriage is of long duration.

24  A marriage is presumed to be of "long duration" if it lasted over ten (10) years, measured

25  from the date of marriage to the date of separation.  Each party understands that the

26  Court also has the power to retain jurisdiction to award spousal support where the

27  marriage lasted less than ten (10) years.  However, by signing this Stipulated Judgment,

28  pursuant to Family Code §4336(a), the Parties agree, and based on their agreement the

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    Court so orders, that no Court shall have or retain jurisdiction to order spousal support for

2    either Petitioner or Respondent, now or ever, and that the Court's jurisdiction or ability to

3    award spousal support to either party shall terminate upon the entry of this Stipulated

4    Judgment.  The Parties agree that the absolute termination of the Court's jurisdiction shall

5    occur immediately upon entry of this Stipulated Judgment and that no Court shall have

6    the power to reinstate its jurisdiction over spousal support, regardless of whether or when

7    a party brings a motion to do so, and irrespective of any change in economic or other

8    circumstances of either party.

9        F.    Each party acknowledges and represents to the other that she/he has the

10   ability to support herself/himself independently and that her/his waiver of spousal support

11   is not unconscionable and based on said agreement the Court so finds.

12       G.    Each party acknowledges and represents to the other that in exchange for

13   their waiver of their right to request and receive spousal support from the other and to

14   have the Court not retain jurisdiction over the issue of spousal support, each party has

15   received fair and reasonable consideration.  With respect to Petitioner's waiver of spousal

16   support and in exchange for Petitioner's right to receive spousal support from

17   Respondent, the parties agree that Respondent shall pay Petitioner a buy-out amount of

18   spousal support in the sum of Two Hundred and Forty-Five Thousand Two Hundred and

19   Fifty Dollars ($245,250) in partial or full satisfaction of Respondent's current and future

20   spousal support obligations which would otherwise be contained in a stipulated Domestic

21   Support Order for spousal support, as referenced in Paragraphs III.C.7 and X, below.

22       H.    Petitioner and Respondent have carefully bargained concerning all issues

23   relating to spousal support, and whether jurisdiction over spousal support should be

24   reserved for Petitioner and/or Respondent.  The respective waivers of spousal support

25   specified herein are absolute and this Stipulated Judgment cuts off forever the right of

26   Petitioner or Respondent at any time and for any reason, including hardship, to receive

27   spousal support from the other.  The provisions herein are intended to comply with the

28   requirements of *In re Marriage of Vomacka* (1984) 36 Cal.3d 459, *In re Marriage of Brown*

-8-

YOUNG, SPIEGEL & HOSP., LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1   (1995) 35 Cal.App.4th 785 and *In re Marriage of Iberti* (1997) 55 Cal.App.4th 1434.  This

2   Stipulated Judgment constitutes a clear statement that no Court shall have any power,

3   jurisdiction, or authority to modify or extend the termination of spousal support either to

4   Petitioner or Respondent.

5          I.      The Court finds that each party has expressly and forever waived and

6   released any and all rights and claims against the other party for past, present, and future

7   spousal support.

8          J.      Petitioner and Respondent each understand that the provisions of this

9   Stipulated Judgment regarding termination of the Court's jurisdiction over spousal support

10  are not to be modified at any time for any reason and that neither party may set this

11  spousal support waiver aside at any later date for any reason.

12         K.      Having consulted with experienced, competent counsel, and with

13  knowledge of her/his rights and the legal effect of their waiver, Petitioner and Respondent

14  each understands that she/he assumes the risk of a change in her/his financial and health

15  circumstances in the future, that the Court does not retain jurisdiction over spousal

16  support, and that she/he shall not be able to later seek spousal support from either party,

17  for any reason whatsoever.

18         L.      Petitioner and Respondent each acknowledges that the termination of the

19  Court's jurisdiction to award spousal support as set forth herein is an integral and material

20  part of the Parties' settlement and that Petitioner and Respondent would not have entered

21  into this Stipulated Judgment but for the provisions set forth in this Paragraph II.

22         M.      Each party has, individually, consulted with her or his independent legal

23  counsel concerning the legal significance and effect of this spousal support waiver

24  provision. Petitioner and Respondent each acknowledge that each has had the

25  opportunity to individually consult with their legal counsel concerning the irrevocable and

26  nonmodifiable nature of the waiver of spousal support provided for herein, and each fully

27  understands that no change of any circumstances or any other event shall permit or allow

28

-9-

**ATTACHMENT TO STIPULATED JUDGMENT**

1  either party to seek spousal support from the other party.  The termination of spousal

2  support herein is absolute and understood to be the waiver of a potentially valuable right.

3       N.    Retroactive Spousal Support Payments. Both Parties waive any claims for

4  underpayment or overpayment of retroactive *pendente lite* spousal support for the period

5  from the date of separation through entry of Judgment.

6

7  **BY INITIALING BELOW, EACH PARTY SPECIFICALLY**

8  **ACKNOWLEDGES THAT SHE OR HE RESPECTIVELY HAS**

9  **CAREFULLY READ PARAGRAPH II OF THIS STIPULATED**

10  **JUDGMENT, HAS DISCUSSED THE WAIVER OF SPOUSAL SUPPORT**

11  **WITH HER OR HIS RESPECTIVE COUNSEL, AND HAS ELECTED TO**

12  **PROCEED WITH THIS WAIVER EFFECTIVE IMMEDIATELY.**

13

14         BS                  GS

15

16  **III.**    **DIVISION OF ASSET AND DEBTS**

17       A.    Each party each hereby stipulates and agrees that disputed claims have

18  existed between the parties as to what constitutes their community property, quasi-

19  community property, and separate property, and that each of the parties has made

20  conflicting claims regarding their property rights.  The parties each hereby stipulate and

21  agree that Petitioner and Respondent, respectively, have settled and adjusted their

22  respective community property, quasi-community property, and separate property rights

23  and claims, including the assumption of certain obligations, to effect a division thereof in

24  a manner by which they intend to accomplish, and hereby expressly agree that such

25  division does constitute, a fair, just, equitable, substantially equal and mutually

26  satisfactory division of their community property and quasi-community property.  The

27  assets received by each party in said division, together with all rents, issues and profits

28  thereof payable thereafter (without any apportionment), and all accretions and increases

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    therein, and all liabilities arising therefrom, are ordered to be and remain the recipient's

2    separate property or liability, respectively.

3         B.     Each party hereby stipulates and agrees that the parties have previously

4    distributed or are in the process of distributing to each other their community property and

5    quasi-community property, as well as their respective separate property, and that each

6    party represents and warrants that there is no known community property or quasi-

7    community property subject to disposition in any proceeding for dissolution of marriage

8    or otherwise, except as set forth herein.

9         C.     <u>Property Awarded to Petitioner</u>. In division of the parties' respective

10    separate property, community property, and quasi-community property, to the full extent

11    that there is any community property and/or separate property interest or claimed

12    community property and/or separate property interest in or to the following, Petitioner is

13    awarded and/or confirmed all right, title and interest in and to the following as her sole

14    and separate property:

15         1.     All clothing, jewelry, watches, apparel and personal effects

16    historically worn by Petitioner, regardless of when acquired.

17         2.     All furnishings, furniture, appliances, tools, artwork, antiques, and

18    other personal property now in Petitioner's possession, custody or control, including all

19    property currently located at the Paige Drive residence, with the exception of the property

20    specifically awarded to Respondent in Paragraph III.D.2, below.  The Court shall retain

21    jurisdiction in the event there are any disputes regarding the division of this property.

22         3.     All earnings, accumulations, and bank accounts containing same

23    since the parties' date of separation.

24         4.     Any and all cash and funds, shares and interests in the name,

25    possession, custody or control of Petitioner in any bank, savings and loan association,

26    credit union, money market account, or other institution, investment or entity, established

27    after the date of separation.

28         5.     Any and all real property or personal property, and the proceeds

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

-11-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    thereof, acquired by Petitioner before the date of marriage and subsequent to the date of

2    separation, or acquired during marriage by gift or inheritance.

3        6.    <u>Savings and Checking Accounts</u>. Any and all cash and funds, shares

4    and interests in the name, possession, custody or control of Petitioner in any bank,

5    savings and loan association, credit union, money market account, or other institution,

6    investment or entity (and Petitioner shall remove Respondent as a user on such account

7    within thirty (30) days of mutual execution of this Stipulated Judgment) including, but not

8    limited to the following:

9        a.    Capital One 360 Savings ING Account ending x5767 INO

10           Brooke A Strong;

11        b.    Capital One 360 Savings Tutoring Fund ending x7231 INO

12           Brooke A Strong;

13        c.    Capital One 360 Savings Property Tax Fund ending x7086

14           INO George Strong and Brooke A Strong;

15        d.    Capital One 360 Savings Home Improvement Fund ending

16           x6932 INO George Strong and Brooke A Strong;

17        e.    Capital One 360 Savings Joint Emergency Fund ending

18           x7191 INO George Strong & Brooke A Strong;

19        f.    Capital One 360 Savings Joint Travel Savings Acct ending

20           x3150 INO George Strong and Brooke A Strong;

21        g.    Capital One 360 Savings Joint Tax Fund ending x1375 INO

22           George Strong and Brooke A Strong;

23        h.    Capital One 360 Savings Gift Fund ending x5246 INO George

24           Strong and Brooke A Strong;

25        i.    Capital One 360 Savings Joint General Fund ending x5554

26           INO George Strong and Brooke A Strong;

27        j.    Capital One 360 Checking ending x2552 INO Brooke A

28           Strong; and,

-12-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

k.    Wells Fargo Everyday Checking ending x2702 INO Brooke

Strong.

7.    <u>Real Property</u>. All right, title, and interest in and to the real property commonly known as 2573 Page Drive, Altadena, California 91001 APN: 5846016027 ("Page Drive"), subject to all encumbrances of record, and legally described as:

> The Southerly 40 feet of Lot 15 and the Northerly 20 feet of
> Lot 14 of Tract No. 7340, in the County of Los Angeles, State
> of California, as per map recorded in Book 88, Pages 33 of
> Maps, in the office of the County Recorder of said county.

a.    Concurrently upon execution of this Stipulated Judgment by the parties, Respondent shall execute and deliver to Petitioner an Interspousal Transfer Deed as to 2573 Page Drive, Altadena, California 91001 which transfers to Petitioner all of Respondent's legal or equitable right, title or interest with respect to Page Drive.

b.    The Court finds, and the parties acknowledge and agree, that Page Drive has an appraised value of One Million Three Hundred Seventy-Five Thousand Dollars ($1,375,000) and is subject to a mortgage of approximately Five Hundred and Twenty Thousand Dollars ($520,000), which Petitioner shall assume as set forth in Paragraph IV.B, below. The Court further finds, and the parties acknowledge and agree, that the award of Page Drive to Petitioner takes into consideration the following: Respondent's buy-out of spousal support as referenced in Paragraph II, above, the equalization of the division of property as referenced in Paragraph X, below, and Petitioner's right of reimbursement pursuant to <u>Family Code</u> §2640 for her separate property contribution in the sum of One Hundred and Eighty-Two Thousand Dollars ($182,000).

c.    Petitioner shall be solely responsible for the mortgage on Page Drive, as referenced in Paragraph IV.C, below. Within six (6) months of entry of this Stipulated Judgment, Petitioner shall make reasonable efforts to refinance the mortgage

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

on Page Drive or take Respondent's name off the mortgage.  If Petitioner is unable to do so, Petitioner shall sell Page Drive and 100% of the sales proceeds shall be awarded to Petitioner.

d.      Petitioner shall be solely responsible for any capital gain tax to be reported on her federal and state income tax returns upon the eventual sale of the subject real property.

e.      Respondent shall vacate Page Drive on or by January 7, 2022.  In the event Respondent does not vacate Page Drive on or by January 7, 2022, Petitioner shall be entitled to apply for and be granted an immediate *ex parte* order for exclusive use and possession of the residence and to exclude Respondent from the residence.

8.      All right, title and interest in CalStrs Retirement Plan INO Brooke Strong.

D.      <u>Property Awarded to Respondent</u>. In division of the parties' respective separate property, community property, and quasi-community property, to the full extent that there is any community property and/or separate property interest or claimed community property and/or separate property interest in or to the following, Respondent is awarded and/or confirmed all right, title and interest in and to the following as his sole and separate property:

1.      All clothing, jewelry, watches, apparel, and personal effects historically worn by Respondent, regardless of when acquired.

2.      All furnishings, furniture, appliances, tools, artwork, antiques, and other personal property now in Respondent's possession, custody or control, and the following items located at the Page Drive residence: stereo equipment, shelving, speakers (4); wooden bar; grill; flat screen TVs in the master bedroom and family room; large white L-shaped desk; computer towers (2) and monitors; and swivel chairs in the office. In addition, the parties acknowledge that they have agreed in writing with respect

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1  to additional items that are awarded to Respondent. The Court shall retain jurisdiction in

2  the event there are any disputes regarding the division of this property.

3    3.    All earnings, accumulations, and bank accounts containing same

4  since the parties' date of separation.

5    4.    Any and all cash and funds, shares and interests in the name,

6  possession, custody or control of Respondent in any bank, savings and loan association,

7  credit union, money market account, or other institution, investment or entity, established

8  after the date of separation.

9    5.    Any and all personal property, and the proceeds thereof, acquired by

10  Respondent before the date of marriage and subsequent to the date of separation, or

11  acquired during the marriage by gift or inheritance.

12    6.    <u>Savings and Checking Accounts</u>. Any and all cash and funds, shares

13  and interests in the name, possession, custody or control of Respondent in any bank,

14  savings and loan association, credit union, money market account, or other institution,

15  investment or entity (and Respondent shall remove Petitioner as a user on such account

16  within thirty (30) days of mutual execution of this Stipulated Judgment) including, but not

17  limited to the following:

18    a.    Capital One 360 Savings Joint Emergency Fund ending

19      x7351 INO George Strong;

20    b.    Capital One 360 Savings Retirement Funds ending x7198

21      INO George Strong;

22    c.    Capital One 360 Savings Car Fund ending x6138 INO George

23      Strong;

24    d.    Capital One 360 Savings ending x4734 INO George Strong;

25    e.    Capital One 360 Money Market ending x4004 INO George

26      Strong;

27    f.    Capital One 360 Money Market ending x4385 INO George

28      Strong and Brooke A Strong;

-15-

**ATTACHMENT TO STIPULATED JUDGMENT**

Exhibit "2"
Page 40

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1           g.    Capital One 360 Performance Savings ending x1781 INO

2               George Strong;

3           h.    Capital One Kids Savings Account ending x1019 INO George

4               Strong and Emma Strong;

5           i.     Capital One Roth IRA Savings ending x3337 INO George

6               Strong;

7           j.     Capital One 360 Checking ending x5938 INO George Strong

8               and Brooke A Strong;

9           k.    Capital One 360 Checking ending x7899 INO George Strong;

10              and,

11           l.     Capital One 360 Checking ending x4998 INO George Strong

12               and Brooke A Strong.

13        7.    <u>Business Interest</u>. All right, title, shares, ownership interest, and all

14 assets, including, but not limited to, equipment, furniture and furnishings, accounts,

15 accounts receivable, intellectual property, royalties, profits, tangible assets, income,

16 future income, goodwill, and all debts, obligations and liabilities thereof (which

17 Respondent shall indemnify and hold Petitioner harmless therefrom) related to Strong

18 Wealth Management. Respondent is ordered to indemnify and hold Petitioner harmless

19 from any form of liability, claim, damages, loss, cost or expense, including attorney's fees

20 and costs, in connection with any and all debts, obligations, and liabilities arising out of

21 any and all claims involving and/or filed against Strong Wealth Management.  The claims

22 include, but are not limited to,  the arbitration involving David Vosicher, the claims of

23 Robert Hunt, the claims of Michael Horner and Thomas Horner, as co-trustees of the

24 Horner Family Trust, and any other claims against Respondent and/or Strong Wealth

25 Management with respect to former and/or current clients through entry of this Stipulated

26 Judgment.

27        8.    <u>Retirement Plans</u>. All right, title, and interest in the following

28 Individual Retirement Accounts (IRA's):

**ATTACHMENT TO STIPULATED JUDGMENT**

Exhibit "2"

Page 41

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

          a.    Strong Wealth Management Rollover IRA ending x2908 INO Brooke A Strong (Interactive Brokers LLC Custodian);

          b.    Strong Wealth Management Roth IRA ending x4026 INO Brooke A Strong (Interactive Brokers LLC Custodian);

          c.    Strong Wealth Management SEP IRA ending x4525 INO Brooke A Strong (Interactive Brokers LLC Custodian);

          d.    Strong Wealth Management Roth IRA ending x2001 INO George G Strong III (Interactive Brokers LLC Custodian);

          e.    Strong Wealth Management SEP IRA ending x5067 INO George G Strong III (Interactive Brokers LLC Custodian);

          f.    Strong Wealth Management SEP IRA (Roth IRA Conversion) ending x5424 INO George G Strong III (Interactive Brokers LLC Custodian); and,

          g.    Vanguard Roth IRA ending x0491 INO George G. Strong III.

9.    All right, title, and interest in Coinbase Account INO Respondent.

10.    All right, title, and interest in Robinhood Account ending x8672 INO Respondent.

11.    All right, title, and interest in BlockFi Account ending xOc7a INO Respondent.

12.    All right, title, and interest in Gemini Account in the name of Respondent.

13.    All right, title, and interest in Strong Wealth Management Taxable Brokerage ending x2483 INO George Gordon Strong III.

14.    All right, title, and interest in 1993 BMW E34 M-5.

15.    All right, title, and interest in 2011 BMW 7 Series 750li.

E.    Except as expressly set forth herein, any and all income, earnings, or other property received or acquired by either party on or after the date of separation of the

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    parties, and the proceeds therefrom, are confirmed as the sole and separate property of

2    the receiving or acquiring party.

3    F.    Petitioner and Respondent are ordered to cooperate in every manner to

4    assist the other to secure any and all social security benefits to which that party may be

5    entitled by reason of any past, present or future employment, or to which that party may

6    be entitled by reason of marriage to Petitioner or Respondent herein.    Any and all Social

7    Security benefits to which Petitioner and/or Respondent may be entitled are confirmed to

8    the respective party as such party's sole and separate property.

9    G.    Except as otherwise provided herein, all property awarded, distributed or

10    confirmed pursuant to this Stipulated Judgment, together with all rents, issues and profits

11    thereof payable thereafter (without any apportionment), all accretions and increases

12    therein, and all liabilities arising therefrom, is ordered to be and remain the recipient's

13    separate property or liability, respectively, on the date of this Stipulated Judgment.  Each

14    party is ordered to deliver to the party to whom property is awarded, distributed or

15    confirmed any and all documents and instruments necessary to effectuate transfer of title.

16    Each party is ordered to execute reasonable and customary documents in this regard

17    promptly upon presentation.  Each party is ordered to deliver to the other party forthwith

18    all assets in her and his possession, custody or control which are awarded to the other

19    party pursuant to this Stipulated Judgment.

20    H.    Except as otherwise provided herein, the party receiving specific property

21    under this Stipulated Judgment is entitled to, and the other party is ordered to transfer

22    and assign to such party, all right, title and interest in and to whatever insurance exists

23    with respect to such property, and the benefits, if any, with respect to the premiums

24    previously paid on account of such insurance.  The party receiving such property and the

25    insurance applicable thereto is ordered to be solely responsible for the payment of all

26    premiums after the date of this Stipulated Judgment that are due in connection with such

27    insurance policy if that party shall decide, in that party's sole discretion, to maintain that

28    policy.

-18-

**ATTACHMENT TO STIPULATED JUDGMENT**

Exhibit "2"

Page 43

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1         I.     <u>Minor Children's 529 Plans</u>.  The parties acknowledge and agree that the

2 parties shall transfer management of the 529 plans/UBTM accounts for the benefit of the

3 Minor Children to Respondent's father, George Gordon Strong II.  The accounts are:

4 Strong Wealth Management UTMA Custodial ending x3350 INO Charlotte Strong

5 (George Strong Custodian Under CA UTMA), Strong Wealth Management UTMA

6 Custodial ending x3385 INO Madeleine Strong (George Strong Custodian Under CA

7 UTMA), and Vanguard Individual Brokerage ending x3265 INO George G. Strong III. Said

8 funds shall be used for the education of the Minor Children.  No withdrawals may be made

9 without mutual written consent of the parties.  The parties shall be provided with quarterly

10 statements with respect to each account.

11         J.     The Court finds that the division of assets and liabilities identified above is

12 a fair and reasonable exchange of value between Petitioner and Respondent.

13         K.     The Court further finds that Respondent holds no legal or equitable interest

14 in Page Drive nor any other asset awarded to Petitioner as her sole and separate property

15 under this Stipulated Judgment.  The Court further finds that Petitioner holds no legal or

16 equitable interest in any asset awarded to Respondent as his sole and separate property

17 under this Stipulated Judgment.

18

19 **IV.**   **<u>DEBTS AND OBLIGATIONS</u>**

20         A.     Except as otherwise provided herein, each party is ordered to assume and

21 pay as and when due the encumbrances and liens on any and all of the property awarded,

22 confirmed or transferred to such party herein.  Each party receiving an asset subject to

23 an encumbrance or lien is ordered to indemnify and hold the other party harmless from

24 any form of liability, claim, loss, cost or expense, including attorney's fees and costs, in

25 connection therewith.

26         B.     Petitioner is ordered to assume and pay Lakeview Mortgage ending x3949

27 INO George G. Strong and Brooke A. Strong.

28         C.     As part of the division of community property and liabilities, and in

1    consideration of Petitioner's claims regarding Respondent's breach of fiduciary duty

2    under <u>Family Code</u> §§721 and 1100 *et seq.*, Respondent is ordered to assume and pay

3    the following debts, obligations and liabilities, and to indemnify and hold Petitioner

4    harmless therefrom:

5         1.      Comenity Bank J. Crew credit card INO Petitioner;

6         2.      TD Bank USA Nordstrom credit card ending 1786 INO Petitioner;

7         3.      Synchrony Bank Old Navy credit card ending x6693 INO Petitioner;

8         4.      Citi Aadvantage Gold credit card ending x4024 INO Petitioner;

9         5.      Citi Simplicity credit card ending x1199 INO Petitioner;

10        6.      Bank of America credit card ending x3157 INO Petitioner;

11        7.      Chase credit card ending x9989 INO Respondent;

12        8.      Chase Sapphire credit card ending x2916 INO Respondent;

13        9.      Chase Amazon Prime credit card ending x4888 INO Respondent;

14       10.     Citi Aadvantage credit card ending x6864 INO Respondent;

15       11.     Citi Double Cash credit card ending x7543 INO Respondent;

16       12.     Citi Premier credit card ending x3276 INO Respondent;

17       13.     American Express Platinum credit card ending x1002 INO

18    Respondent;

19       14.     Discover It credit card ending x0897 INO Respondent;

20       15.     Discover It Chrome credit card ending x4374 INO Respondent;

21       16.     US Bank Platinum Visa credit card ending x5170 INO

22    Respondent;

23       17.     US Bank Cash+ Visa credit card ending x6812 INO    Respondent;

24       18.     Barclay's Bank Luxury MC credit card ending x4947 INO

25    Respondent;

26       19.     USAA Savings Bank Visa credit card ending x3108 INO Respondent;

27       20.     USAA Savings Bank Visa Signature x3108 INO Respondent;

28       21.     Bank of America credit card ending x6361 INO Respondent;

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

22.    Merrill credit card ending x6739 INO Respondent;

23.    Citi Costco Anywhere Visa credit cards ending x5967 INO Petitioner and x9466 INO Respondent;

24.    American Express Blue Cash credit cards ending x2016 INO Petitioner and x3006 INO Respondent;

25.    American Express Gold credit cards ending x2018 INO Petitioner and x2000 INO Respondent;

26.    Chase Ink credit card ending x0748 INO Petitioner and Strong Wealth Management;

27.    Chase Ink credit card ending x8581 INO Respondent and Strong Wealth Management;

28.    American Express SimplyCash credit card ending x1005 INO Respondent and Strong Wealth Management;

29.    American Express Blue credit card ending x1009 INO Respondent and Strong Wealth Management;

30.    American Express Amazon credit card ending x1002  INO Respondent and Strong Wealth Management;

31.    American Express Blue Plus credit card ending x1007 INO Respondent and Strong Wealth Management;

32.    US Bank credit card ending x3661 INO Respondent and Strong Wealth Management;

33.    Bank of America Business Advantage credit card ending x6989 INO Strong Wealth Management and x3803 INO Respondent;

34.    Citi Costco Anywhere Visa credit card ending x5697 INO Strong Wealth Management and x5705 INO Respondent; and,

35.    Any other credit cards in the name of Respondent, Strong Wealth Management, and/or Petitioner (obtained without her knowledge or consent) not otherwise referenced in this Paragraph IV.C.

-21-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

D.     Except as otherwise expressly provided herein, each party is ordered to assume and pay any and all debts, obligations, and liabilities incurred by such respective party, and to indemnify and hold the other party harmless therefrom.

E.     Petitioner and Respondent are each respectively ordered to indemnify and hold the other harmless from any form of liability, claim, loss, cost or expense, including attorney's fees and costs, in connection with any and all such debts, obligations and liabilities assigned to such party pursuant to this Stipulated Judgment, including but not limited to, the credit card debts assigned to Respondent in Paragraph IV.C, above.

F.     The Court finds that Petitioner and Respondent each represent and warrant that such party had and has no interest in or claim to any community property or quasi-community property, or any separate property in which there is a community property or quasi-community property interest, that has not been disclosed to the other party and distributed or confirmed pursuant to this Stipulated Judgment.

G.     The Court finds that Petitioner and Respondent each represent and warrant that such party has not made, without the express and actual knowledge of the other, any gift or transfer of community property or quasi-community property within the past five (5) years for less than full and adequate consideration.

**V.     SUBSEQUENTLY DISCOVERED ASSETS**

In the event that additional assets of a community property or quasi-community property nature are subsequently discovered, the existence of which was in good faith unknown or forgotten by the parties, such assets shall be divided equally between the parties.  In the event that it is subsequently discovered that either party held community property or quasi-community property or made a transfer or gift of such property contrary to the representations or warranties of the parties, the warrantor is ordered to immediately transfer or pay to the warrantee, at the warrantee's election in the warrantee's sole and unrestricted discretion, one of the following:

A.     One-half of the amount of the property, in kind, if it is reasonably susceptible

-22-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1   to division and is in the warrantor's possession;

2       B.      One-half of the full fair market value of the property as of the date the Court

3   signs this Stipulated Judgment, less one-half of the encumbrances thereon existing as of

4   the date of separation;

5       C.      One-half of the full fair market value of the property at the time the warrantee

6   discovers the warrantor's ownership of the property or making of the gift, less one-half of

7   the encumbrances thereon existing as of the date of separation; or,

8       D.      One-half of the full fair market value of the property on the date of the Court

9   determination that the warrantee is entitled to compensation for the warrantee's interest,

10  less one-half of the encumbrances thereon existing as of the date of separation.

11

## VI.    COURT JURISDICTION

13      A.      The Court retains jurisdiction to divide any subsequently discovered

14  property pursuant to the terms, conditions and provisions of this Stipulated Judgment.

15      B.      The provisions of this Stipulated Judgment shall not impair either party's

16  right to seek in a court of competent jurisdiction any other remedy arising out of the

17  aforesaid undisclosed ownership or gift including, but not limited to, the right to punitive

18  damages and attorney's fees and costs.

19

## VII.   WAIVER OF CLAIMS

21      Except as otherwise set forth herein, the Court finds that the parties hereby

22  stipulate and agree that Petitioner and Respondent each waive any and all rights and

23  claims against the other for reimbursement, credit, and offset including, but not limited to,

24  the following:

25      A.      All claims and rights to reimbursement pursuant to *In re Marriage of Epstein*

26  (1979) 24 Cal.3d 76, 154 Cal.Rptr. 413, including, but not limited to, credits or

27  reimbursement as a result of the payment of community obligations since the date of

28  separation.

-23-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    B.    All claims and rights to credit pursuant to *In re Marriage of Watts* (1985) 171

2 Cal.App.3d 366, 217 Cal.Rptr. 301, including, but not limited to, credits or reimbursement

3 as a result of the use of community assets since the date of separation.

4    C.    All claims and rights to reimbursement and/or credit pursuant to *In re*

5 *Marriage of Jeffries* (1991) 228 Cal.App.3d 548, 278 Cal.Rptr. 830.

6    D.    Except as set forth herein with respect to Petitioner's right of reimbursement

7 for her separate property contribution to the down payment on Page Drive, as referenced

8 in Paragraphs III.C.7, above, and X, below, all claims and rights to reimbursement

9 pursuant to <u>Family Code</u> §2640 or otherwise, for separate property contributed to the

10 acquisition of maintenance of community property.

11    E.    All claims and rights to reimbursement from the other party or from the

12 community regarding loans or payments made to or on behalf of the parties and/or the

13 community estate prior to or subsequent to the date of separation through the entry of

14 this Stipulated Judgment including, but not limited to, payment of mortgage payments,

15 property taxes and/or insurance, medical/dental reimbursements, and otherwise.

16

17 **VIII.    <u>DECLARATIONS OF DISCLOSURE</u>**

18    The Court finds that each of the parties has represented and warranted that prior

19 to executing this Stipulated Judgment, they have exchanged Preliminary Declarations of

20 Disclosure. Petitioner served her Preliminary Declaration of Disclosure on August 3,

21 2021. Respondent served his Preliminary Declaration of Disclosure on October 12, 2021.

22 Each party is satisfied with the sufficiency of the other party's Preliminary Declaration of

23 Disclosure.    The parties stipulate to waive the exchange of their respective Final

24 Declarations of Disclosure, and shall each execute and file Stipulation and Waiver of Final

25 Declaration of Disclosure (FL-144) concurrently with the filing of this Stipulated Judgment.

26

27 **IX.    <u>RECIPROCAL WAIVER OF INHERITANCE</u>**

28    A.    The Court finds that each party has effectively and knowingly waived,

---

-24-

**ATTACHMENT TO STIPULATED JUDGMENT**

Exhibit "2"
Page 49

**YOUNG, SPIEGEL & HOSP, LLP.**
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1  released, and relinquished any and all rights under and pursuant to <u>Probate Code</u>

2  §§141(a)(1) through (10), including:

3        1.    Property that would pass from the decedent by intestate succession.

4        2.    Property that would pass from the decedent by testamentary

5  disposition in a will executed before the waiver.

6        3.    A probate homestead.

7        4.    The right to have exempt property set aside.

8        5.    Family allowance.

9        6.    The right to have an estate set aside under Chapter 6 (commencing

10 with §6600) of Part 3 of Division 6 of the <u>Probate Code</u>.

11       7.    The right to elect to take community or quasi-community property

12 against the decedent's will.

13       8.    The right to take the statutory share of an omitted spouse.

14       9.    The right to be appointed as the personal representative of the

15 decedent's estate.

16       10.   An interest in property that is the subject of a non-probate transfer

17 on death under Part 1 (commencing with §5000) of Division 5 of the <u>Probate Code</u>.

18    B.    This Paragraph IX is intended to comply with the provisions of <u>Probate Code</u>

19 §§142, 143, and 144.

20    C.    Petitioner may designate a party other than Respondent as the beneficiary

21 of any Individual Retirement Account maintained by Petitioner.

22    D.    Respondent may designate a party other than Petitioner as the beneficiary

23 of any Individual Retirement Account maintained by Respondent.

24    E.    Pursuant to <u>Probate Code</u> §141(b), the Court finds that each party has

25 waived and relinquished any and all rights to property that would pass to such party upon

26 the death of the other party under a joint tenancy, a Totten-trust account, or a pay-on-

27 death account created before the date of this Stipulated Judgment.

28    F.    Each party has released, waived and relinquished any and all right to any

-25-

**ATTACHMENT TO STIPULATED JUDGMENT**

DocuSign Envelope ID: E1DB4F80-E81C-48C3-8BD4-9C624E4987FA

of the following which she or he may have upon the death of the other party under the laws of the state or county in which either party dies, owns property, or is a resident or citizen (if other than the State of California):

        1.     A share of the decedent's separate property, quasi-community property (if any), and marital property as determined under the laws of such jurisdiction; and,

        2.     Right to a family allowance, probate homestead, dower, or its statutory equivalent, or any other statutory share of a surviving spouse provided under the laws of such jurisdiction.

## X.    __EQUALIZING PAYMENT__

A.    To equalize the stipulated division of assets and liabilities identified in Paragraph III, above, Respondent would be entitled to receive one-half of the net equity of Two Hundred and Forty-Five Thousand Two Hundred and Fifty Dollars ($245,250) in Page Drive, comprised of the stipulated division of assets and liabilities identified above in Paragraph III. Further, due to the length of the marriage and in partial or full satisfaction of Respondent's current and future spousal support obligations which would otherwise be contained in a stipulated Domestic Support Order for spousal support, the parties have agreed to a buy-out of spousal support payable by Respondent to Petitioner in the sum of Two Hundred and Forty-Five Thousand Two Hundred and Fifty Dollars ($245,250). While Petitioner believes the buy-out should be higher than this sum, as a compromise she will accept same. Accordingly, no additional equalizing payment is due Respondent to Petitioner, or from Petitioner to Respondent. Concurrently upon execution of this Stipulated Judgment by the parties, Respondent shall deliver to Petitioner an Interspousal Transfer Deed which transfers to Petitioner all of Respondent's legal or equitable right, title or interest with respect to Page Drive.

B.    The foregoing equalizing payment is incident to divorce within the meaning of <u>Internal Revenue Code</u> §1041 and is not includible by Petitioner as income for federal

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1  and state income tax purposes and is not deductible by Respondent from income for

2  federal and state income tax purposes.

3

4  **XI.**   **ATTORNEY'S FEES**

5         Petitioner and Respondent shall each pay, indemnify, and hold the other harmless

6  on account of her or his attorney's and forensic accounting fees and costs.

7

8  **XII.**   **CHILD SUPPORT**

9         The Court reserves jurisdiction with respect to child support for the Minor Children.

10

11 **XIII.**   **CHILD CUSTODY**

12        A.    Jurisdiction.

13             1.    Petitioner and Respondent have three minor children, Charlotte

14 (born November 28, 2010, age 11), Madeleine (born November 14, 2012, age 9), and

15 Emma (born August 18, 2017, age 4) (collectively the "Minor Children").

16             2.    Pursuant to Family Code § 3048, the Court's exercise of jurisdiction

17 and other factors, are as follows:

18                  a.    This Court has jurisdiction to make child custody orders in this

19                        case under Child Custody Jurisdiction and Enforcement Act

20                        (part 3 of the California Family Code commencing with §

21                        3400);

22                  b.    The Minor Children are subject to the jurisdiction of the State

23                        of California, Los Angeles Superior Court pursuant to Family

24                        Code § 3048(a)(1) because the Minor Children and the parties

25                        reside in Los Angeles County.

26                  c.    Each Party was given notice and opportunity to be heard as

27                        provided by the laws of the State of California. As required by

28                        Family Code § 3048(a)(2), the Court finds that these were

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

-27-

1          properly given.

2          d.    As required by <u>Family Code</u> § 3048(a)(3), the description of

3                the parties' custody and visitation rights are found in this

4                Stipulation and Order.

5          e.    As required by <u>Family Code</u> § 3048(a)(4), the Court finds that

6                each Party has been informed that violations of this

7                Stipulation and Order may subject the violator to civil or

8                criminal penalties, or both.

9          f.    As required by <u>Family Code</u> § 3048(a)(5), the Court finds that

10               the Minor Children are habitual residents of the State of

11               California and of the United States of America, based on the

12               evidence presented in the terms and provisions of this

13               Stipulation and Order.

14     B.    <u>Legal Custody</u>.

15          1.    The parties shall share joint legal custody of the Minor Children.  In

16  exercising joint legal custody, the parties will share in the responsibility and confer in good

17  faith on matters concerning the health, education, and welfare of the Minor Children

18  including, but not limited to:

19               a.    Enrollment or termination of attendance in any public or

20                     private school, or daycare center;

21               b.    Participation in regularly occurring extra-curricular activities;

22               c.    Selection of a doctor, dentist, or other health professional

23                     (except in emergency situations), and non-emergency

24                     medical, dental and orthodontic treatment, other than routine

25                     checkups;

26               d.    Participation in mental health counseling, therapy or

27                     treatment;

28               e.    Participation in particular religious activities or institutions;

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

-28-

**YOUNG, SPIEGEL & HOSP, LLP.**
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

f. Out-of-country or out-of-state travel;

g. Issuance of a driver's permit and/or driver's license; and

h. Issuance and/or renewal of a passport.

2. In all other matters in exercising joint legal custody, the parties may act alone as long as the action does not conflict with any orders concerning the physical custody of the Minor Children.

3. Each party shall advise all schools and health care providers of the name, address, and telephone numbers of the other party in any registration, enrollment, emergency notification or other form in which family information is requested and each party shall have access to the Minor Children's records.

4. Each party shall provide the other, within forty-eight hours (48) hours of receiving same, with copies of all schedules of school and extracurricular activities, school report cards, progress and special reports, medical reports and health care instructions regarding the Minor Children.

5. Each party shall advise the other, no less than forty-eight (48) hours prior thereto, of all school and extra-curricular activities for the Minor Children in which parents are invited or allowed to observe or participate.

6. Each party shall advise the other, as soon as reasonably practicable prior thereto, of any medical, dental, or mental health care treatment or evaluation for the Minor Children, including the name and address of the provider of such services.

7. In emergency situations, either party may authorize necessary health care treatments and procedures for the Minor Children and such party shall notify the other thereof as soon as reasonably possible.

C. <u>Physical Custody and Visitation</u>. The Court reserves jurisdiction with respect to physical custody and visitation with the Minor Children.

**XIV. <u>ADVICE OF COUNSEL</u>**

A. The Court finds that Petitioner acknowledges that she has been

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    represented in connection with this Stipulated Judgment by Vivian Carrasco Hosp, Esq.

2    of Young, Spiegel & Hosp, LLP.  The Court finds that Respondent acknowledges that he

3    has been represented in connection with this Stipulated Judgment by Thomas L.

4    Simpson, Esq. and Tin T. Le, Esq. of Feinberg, Mindel, Brandt & Klein.

5         B.    Each party acknowledges and agrees that she/he has read this Stipulated

6    Judgment and had ample opportunity to have it fully explained to her or him by

7    independent counsel.  Each party acknowledges that the provisions of this Stipulated

8    Judgment are reasonable compromises of matters which are capable of good faith

9    dispute.  Each party represents and warrants that this Stipulated Judgment was entered

10   into freely and voluntarily by each of them, and that each party has independently

11   ascertained and weighed all of the facts, contentions and circumstances likely to influence

12   her or his judgment herein. Each party represents and warrants that she/he was not acting

13   under menace, duress, fraud or undue influence of any kind whatsoever from any person,

14   including the other party hereto or her or his agents in entering into this Stipulated

15   Judgment.

16        C.    Petitioner represents and acknowledges that her counsel has not made any

17   representations to her regarding the tax consequences or tax effect of any of the matters

18   set forth herein, and has instead advised her to seek the assistance of an accountant or

19   tax attorney to provide advice as to the tax consequences of this Stipulated Judgment, or

20   any ramifications thereof; and that her counsel has given no recommendation, advice,

21   opinion or statement concerning the tax consequences of this Stipulated Judgment.

22   Respondent represents and acknowledges that his counsel has not made any

23   representations to him regarding the tax consequences or tax effect of any of the matters

24   set forth herein, and has instead advised him to seek the assistance of an accountant or

25   tax attorney to provide advice as to the tax consequences of this Stipulated Judgment, or

26   any ramifications thereof; and that his counsel has given no recommendation, advice,

27   opinion or statement concerning the tax consequences of this Stipulated Judgment.

28        D.    Petitioner represents and acknowledges that her counsel has advised her

-30-

**ATTACHMENT TO STIPULATED JUDGMENT**

DocuSign Envelope ID: E1084F80-E81C-48C3-8BB4-9C624E3987FA

of <u>Family Code</u> §2024 advising parties to a dissolution of marriage, nullity of marriage or legal separation to review their wills, insurance policies, retirement benefit plans, credit cards, credit accounts, credit reports, and other matters that they may wish to change. Petitioner further acknowledges that she has been advised to review all property rights and employment benefits that have survivorship or inheritance factors (including, without limitation, life insurance, pension, trusts, jointly held real and personal property, and bank accounts) to ensure that each expresses the present intent of the parties, particularly with respect to title and beneficiary designation.  Respondent represents and acknowledges that his counsel has advised him of <u>Family Code</u> §2024 advising parties to a dissolution of marriage to review their wills, insurance policies, retirement benefit plans, credit cards, credit accounts, credit reports, and other matters that they may wish to change. Respondent further acknowledges that he has been advised to review all property rights and employment benefits that have survivorship or inheritance factors (including, without limitation, life insurance, pension, trusts, jointly held real and personal property, and bank accounts) to ensure that each expresses the present intent of the parties, particularly with respect to title and beneficiary designation.

## XV.    TAX RETURNS

A.    Except as otherwise provided herein, any and all refunds and liabilities on any federal or state income tax return filed by Petitioner and Respondent jointly are ordered to be shared by them equally.

B.    Any and all refunds and liabilities on any tax return filed by either Petitioner or Respondent separately are ordered to be the sole and separate asset and liability of the respective filing party.  With regard to any such liability, the filing party is ordered to solely assume and pay the entire obligation and liability thereon including, but not limited to, any and all tax, surtax, interest, penalties and assessments.

C.    Petitioner and Respondent are each respectively ordered to assume all responsibility for, pay, and indemnify and hold the other harmless from, any form of

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    liability, claim, loss, cost or expense, including attorney's fees and costs, in connection

2    with any and all claims against the other by or on behalf of any local, county, state or

3    federal taxing agency or authority for any tax liability including, but not limited to, tax,

4    surtax, interest, penalties and assessments, in excess of the allocation of liability herein

5    provided.

6        D.    If either party receives notice of any deficiency assessed or proposed to be

7    assessed with respect to any joint tax return previously filed by the parties, then that party

8    or that party's representative is ordered to notify the other party, and the parties shall

9    cooperate with each other in contesting, opposing, negotiating, and settling such

10    assessment or proposed assessment.

11        E.    The Court finds and orders that all of the transfers and payments herein

12    provided constitute a division of the parties' community assets and debts between them

13    incident to divorce within the meaning of <u>Internal Revenue Code</u> §1041, and not a sale

14    or exchange of property.  The income tax basis of the community property and quasi-

15    community property divided herein has not changed by reason of said division.  The

16    parties are ordered not to seek a new income tax basis for any community property and/or

17    quasi-community property divided herein by reason of said division.  If either Petitioner or

18    Respondent seeks a new income tax basis for any community property and/or quasi-

19    community property divided herein by reason of said division, then such party is ordered

20    to indemnify and hold the other harmless from any form of liability, claim, loss, cost or

21    expense, including attorney's fees and costs, in connection therewith including, but not

22    limited to, any and all claims against the other by or on behalf of any local, county, state

23    or federal taxing agency or authority for any tax liability including, but not limited to, tax,

24    surtax, interest, penalties and assessments, in excess of the allocation of liability herein

25    provided.

26

27    **XVI.    <u>INDEMNIFICATION AND RELEASE OF LIABILITY</u>**

28        A.    Petitioner and Respondent are each ordered not to incur any debt,

-32-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1  obligation, or liability as to which the other is or may be liable, other than those expressly

2  made a part of this Stipulated Judgment.  Each party is ordered to solely assume and pay

3  any and all debts, obligations, and liabilities incurred by such party after the date of

4  separation, and to indemnify and hold the other harmless from any form of liability, claim,

5  loss, cost or expense, including attorney's fees and costs, in connection with any and all

6  such debts, obligations, and liabilities.

7        B.      Petitioner and Respondent each acknowledge that she/he, respectively,

8  has been informed as follows: Although an obligation based upon a contract is assigned

9  to one party as part of the division of the community pursuant to <u>Family Code</u> §2500 et

10  seq., in the event that the party to whom the obligation was assigned defaults on the

11  contract, the creditor may have a cause of action against the party.

12        C.      Petitioner and Respondent acknowledge that this Stipulated Judgment

13  between them is not binding on third parties in this regard.  In the event that a third party

14  seeks to hold one party liable on any debt, liability or obligation assigned to the other party

15  pursuant to this Stipulated Judgment, then the indebted party is ordered to indemnify and

16  hold the other harmless from any form of liability, claim, loss, cost or expense, including

17  attorney's fees and costs, in connection with any and all such debts, obligations, and

18  liabilities. Further, if a third party or creditor seeks to hold Petitioner liable on any debt,

19  liability, or obligation against Respondent, and/or his business (including as specifically

20  set forth in Paragraph III.D.7, above), Respondent shall indemnify and hold Petitioner

21  harmless from any form of liability, claim, loss, cost or expense, including attorney's fees

22  and costs, in connection with any and all such debts, liabilities, and obligations.

23

24  **XVII.  <u>OTHER ORDERS</u>**

25        A.      Each party stipulates and agrees that the division of the parties' community

26  property, quasi-community property, and debts, obligations, and liabilities is fair, just and

27  equitable, and represents a substantially equal and mutually satisfactory division of the

28  parties' community and quasi-community property, debts, obligations, and liabilities.

---

-33-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1    B.    Except as expressly reserved herein, Petitioner and Respondent

2    specifically intend this Stipulated Judgment to be a final and complete settlement of all of

3    their rights, claims and obligations arising out of their marriage and otherwise including,

4    but expressly not limited to, any and all claims for property, income, reimbursement,

5    credit, offset, allocation, or breach of any duty or obligation whatsoever.  Except only as

6    otherwise expressly provided herein, Petitioner and Respondent, respectively, release

7    the other, and the other's heirs, representatives, attorneys, accountants, executors,

8    administrators and assigns, of and from any and all debts, obligations, liabilities, claims,

9    demands, actions and causes of action of every kind, type or nature, without limitation,

10    which either party has or may claim to have against the other.

11    C.    With regard to any and all actual and potential debts, obligations, liabilities,

12    representations and warranties set forth in this Stipulated Judgment, Petitioner and

13    Respondent are each respectively ordered to indemnify and hold the other harmless from

14    any form of liability, claim, loss, cost or expense, including attorney's fees and costs, in

15    the event a claim is made against the other in connection therewith.

16    D.    If the parties at any time after the date of this Stipulated Judgment reconcile,

17    whether conditionally or unconditionally, or should they cohabit with each other, or from

18    time to time sojourn together, or remarry each other, notwithstanding any such

19    reconciliation, cohabitation, sojourning, or remarriage, this Stipulated Judgment including,

20    but expressly not limited to, all property transfers made or agreed or ordered to be made,

21    payments made or ordered or agreed to be made, and all rights resolved herein, shall

22    remain in full force and effect until modified by another written agreement specifying the

23    fact of reconciliation, cohabitation, sojourning and/or remarriage, and executed by both

24    Petitioner and Respondent.

25    E.    This Stipulated Judgment shall be binding on and shall inure to the benefit

26    of the respective legatees, devises, heirs, executors, administrators, assigns, and

27    successors-in-interest of the parties, respectively.

28    F.    If any provision in this Stipulated Judgment is held by a court of competent

---

-34-

**ATTACHMENT TO STIPULATED JUDGMENT**

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1   jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall

2   nevertheless continue in full force and effect without being impaired or invalidated in any

3   manner.

4        G.     Except as expressly reserved herein, the parties expressly intend that this

5   Stipulated Judgment is a full, complete, and final adjustment of all the rights and claims

6   of the parties, and that the provisions hereof expressly supersede any and all prior

7   agreements between the parties, whether written or oral.  This Stipulated Judgment

8   contains the entire agreement and understanding of the parties, and each party expressly

9   acknowledges and agrees that such party is not relying upon any representation,

10  warranty, statement, promise or any other matter which is not expressly set forth in this

11  Stipulated Judgment.  No such representation, warranty, statement, promise or any other

12  matter is relevant or material to the execution or interpretation of this Stipulated Judgment

13  unless expressly set forth herein.

14       H.     No waiver of any breach or default hereunder shall be deemed a waiver of

15  any subsequent breach or default.

16       I.     This Stipulated Judgment has been prepared by the joint efforts of the

17  parties and their respective representatives, if any.  This Stipulated Judgment shall be

18  interpreted fairly and simply, and not strictly for or against either of the parties.

19       J.     This Stipulated Judgment cannot be altered, amended, modified or

20  terminated except by an instrument in writing executed by both Petitioner and

21  Respondent, and signed by the above-entitled Court.

22       K.     This Stipulated Judgment is made and effective in the State of California,

23  and concerns matters and transactions arising and occurring within the State of California.

24  This Stipulated Judgment, as well as its validity, interpretation and enforcement, shall be

25  subject to and governed by the laws of the State of California.

26       L.     Any changes in California and/or federal law subsequent to this Stipulated

27  Judgment, whether through legislation, judicial interpretation or otherwise, that

28  acknowledge, find or create additional or different rights and obligations of the parties,

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone: (310) 887-5100

1   shall not affect this Stipulated Judgment.  Any and all such additional or different rights

2   and obligations are expressly waived by each of the parties, respectively.

3        M.     Each party is ordered to cooperate fully to avoid court appearances and

4   proceedings otherwise unnecessary.  Each party is ordered to make, execute and deliver

5   any and all instruments and documents, and to perform any and all other acts, necessary

6   or convenient to carry out the terms or intent of this Stipulated Judgment.  If either of the

7   parties fails to execute any instrument or document necessary or convenient to carry out

8   the terms or intent of this Stipulated Judgment, the Court shall appoint the clerk or

9   assistant clerk of the court to execute any and all documents for and on behalf of the party

10   failing or refusing to execute any such document, and/or make such other orders as are

11   necessary or convenient to carry out the terms or intent of this Stipulated Judgment, upon

12   a noticed *ex parte* application to a court of competent jurisdiction.

13        N.     The Court reserves jurisdiction over any and all property to be divided

14   pursuant to any provision of this Stipulated Judgment, and over any and all other

15   executory provisions of this Stipulated Judgment.

16        O.     Each party stipulates and agrees that: this cause may be tried as an

17   uncontested matter; the parties waive the right to notice of trial, to request a statement of

18   decision, to move for reconsideration or a new trial, and to appeal, and waive the time

19   periods in which any of said rights may be exercised; and stipulate and agree that this

20   matter may be tried by a commissioner sitting as a temporary judge.

21   / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**ATTACHMENT TO STIPULATED JUDGMENT**

P.    <u>Mutual General Release</u>. Except as specifically excluded in this Stipulated

Judgment, each party has, for herself/himself, after sufficient opportunity to consult with

a lawyer about the effect of this Paragraph XVII.P, waived all rights that she/he may now,

or hereafter, have under <u>Civil Code</u> §1542, which section reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
RELEASE AND THAT, IF KNOWN BY HER OR HIM, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY.**

BS

GS

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

YOUNG, SPIEGEL & HOSP, LLP.
301 NORTH CANON DRIVE, SUITE 300
BEVERLY HILLS, CALIFORNIA 90210-4724
Telephone (310) 887-5100

-37-

ATTACHMENT TO STIPULATED JUDGMENT

DocuSign Envelope ID: E40B4F80-E816-4BC3-8BB4-9C624E2887FA

1       This Stipulated Judgment may be executed in counterparts, each of which shall be

2   deemed an original. All such counterparts shall together constitute one and the same

3   Stipulated Judgment, and a facsimile or electronic execution of the same shall be deemed

4   an original and may be filed with the Court.

5

6   **THE FOREGOING IS AGREED TO BY:**

7       1/31/2022

8   Dated: January ___, 2022          *Brooke Strong*

9                                        BROOKE STRONG,
                                     Petitioner

10

11  Dated: January 21, 2022

12                                       GEORGE STRONG,
                                     Respondent

13

14  **APPROVED AS CONFORMING TO PARTIES' AGREEMENT:**

15

16                                     **YOUNG, SPIEGEL & HOSP, LLP**

17

18  Dated: January 31, 2022          By: _____

19                                       VIVIAN CARRASCO HOSP,
                                     Attorneys for Petitioner

20                                       Brooke Strong

21                                     **FEINBERG, MINDEL, BRANDT & KLEIN**

22

23  Dated: January 25, 2022          By: _____

24                                       THOMAS L. SIMPSON,
                                     Attorneys for Respondent
                                     George G. Strong, III

25

26  **IT IS SO ORDERED.**

27

28  Dated: March 3, 2022          _____
                                     JUDGE OF THE SUPERIOR COURT
                                     -38-  *Pro Tem Pursuant to Stipulation and Order*

Left margin vertical text: YOUNG, SPIEGEL & HOSP LLP, 301 NORTH CANON DRIVE, SUITE 300, BEVERLY HILLS, CALIFORNIA 90210-4724, Telephone: (310) 887-5100

**ATTACHMENT TO STIPULATED JUDGMENT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9401 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document entitled **MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN; DECLARATION OF SONIA SINGH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 20, 2022,**  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR)
EFiling@LATrustee.com

Sevan Gorginian on behalf of Debtor George Gordon Strong, III
sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com

Byron Z Moldo on behalf of Interested Party Michael Horner and Thomas Horner as Co-Trustees of the Horner Family Trust
bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

Sonia Singh on behalf of Interested Party Michael Horner and Thomas Horner as Co-Trustees of the Horner Family Trust
ssingh@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Jennifer C Wong on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 20, 2022** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
George Gordon Strong, III
5455 Castle Knoll Rd.
La Canada Flintridge, CA  91001

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 20, 2022 | Debbie A. Perez | /s/Debbie A. Perez |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**