Byron Z. Moldo (SBN 109652)
 bmoldo@ecjlaw.com
Sonia Singh (SBN 311080)
 ssingh@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Michael Horner and Thomas Horner
as Co-Trustees of the Horner Family Trust

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>GEORGE GORDON STRONG III,<br><br>Debtor. | Case No. 2:22-bk-13069-NB<br><br>Chapter 13<br><br>**MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN; DECLARATION OF SONIA SINGH IN SUPPORT THEREOF**<br><br>Date: January 12, 2023<br>Time: 9:30 a.m.<br>Pace: Courtroom 1545<br>   255 E. Temple Street<br>   Los Angeles, California 90012 |

Creditors Michael Horner and Thomas Horner, as Co-Trustees of the Horner Family Trust (collectively, the "Horners") hereby object to the Chapter 13 Plan *(docket no. 7)* (the "Plan") filed by George Gordon Strong III, the Chapter 13 debtor (the "Debtor") on or about June 1, 2022, and respectfully state as follows:[1]

---

[1] On or about July 21, 2022, the Horners submitted a preliminary objection and reservation of rights regarding the Debtor's Plan *(docket no. 41)* (the "Preliminary Objection"), and on or about October 20, 2022, the Horners submitted an objection to Debtor's Plan *(docket no. 58)* (the "October 2022 Objection"). This objection fully incorporates and supplements the Horners' Preliminary Objection and October 2022 Objection.

17501.1:10786438.1

## BACKGROUND

On or about October 6, 2022, the Horners filed a Motion to Dismiss the Debtor's bankruptcy case pursuant to 11 U.S.C. §§ 109(e) and 1307(c) *(docket no. 54)* (the "Motion to Dismiss") on the grounds that the Debtor is not eligible to file for relief under Chapter 13 of title 11 of the United States Code, and for cause given the Debtor's bad faith.  On December 5, 2022, the Court entered its Revised Interim Order *(docket no. 87)*, pursuant to which the Motion to Dismiss was denied in part (as to the debt limits of 11 U.S.C. § 109), and continued as to all other issues raised in the Motion to Dismiss (i.e., bad faith).  At the December 1, 2022 continued hearing on the Motion to Dismiss, the Court further continued the hearing to January 12, 2023 based on Debtor's failure to produce his missing financial documents.  The Court also ordered the parties to meet and confer regarding Debtor's request that the Horners not be allowed to view his tax returns, to see if the parties could agree to terms of a protective order.  Absent an agreement, the Court set a briefing schedule on the issue of sharing the tax returns, and set a hearing for the matter on January 12, 2023.

Additionally, creditors Robert Hunt and David Vosicher also filed a Motion to Dismiss the Debtor's bankruptcy case *(docket no. 71)* (the "Hunt Motion to Dismiss") because the Debtor is a stockbroker under 11 U.S.C. §§ 101(53A) and 741 and therefore, ineligible to be a chapter 13 debtor under § 109(e).  The Hunt Motion to Dismiss is also set for a continued hearing on January 12, 2023.

## OBJECTIONS TO PLAN CONFIRMATION

The Horners object to confirmation of the Plan for the following reasons, and reserve the right to supplement these objections in light of the hearings regarding dismissal of the Debtor's case on January 12, 2023:

*First*, the Debtor's Plan is not feasible.  Based on the profit and loss statement produced by the Debtor for his business, which statement is still not supported by the Debtor's business bank statements, the business was operating with a negative net income as of June 2022.  Accordingly, the Plan is not feasible as required by 11 U.S.C. § 1325(a)(6) and the Debtor is not an individual with regular income as defined by 11 U.S.C. § 101(30): "The term 'individual with regular

income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker." Moreover, to the extent the Debtor will be relying on family contributions to support his Plan, there is no evidence in support of the contribution.

*Second*, currently before the Court are the Motion to Dismiss and the Hunt Motion to Dismiss to be decided ahead of any plan confirmation. The Motion to Dismiss raises significant issues of a lack of good faith, and the Court's tentative ruling for the January 12, 2023 hearing if the Debtor meets his deadline for document production, is to grant a further continuance with a deadline for the Horners to file and serve supplemental papers regarding Debtor's alleged bad faith.

*Third*, even if the issues above were addressed, the Horners' deadline to file a complaint to determine non-dischargeability of their debt, which has been extended pending resolution of the Debtor's document production, certainly bears on plan confirmation given that the primary debts in dispute (and for which the Plan proposes no payment) are based on fraud and breach of fiduciary duty in the Debtor's capacity as a stockbroker and investment advisor.

## CONCLUSION AND REQUEST FOR RELIEF

For these reasons, the Horners respectfully request that the Plan not be confirmed.

DATED: December 29, 2022            ERVIN COHEN & JESSUP LLP
                                    Byron Z. Moldo
                                    Sonia Singh

                                    By: _____
                                    Sonia Singh
                                    Attorneys for Michael Horner and Thomas Horner
                                    as Co-Trustees of the Horner Family Trust

17501.1:10786438.1

3

MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S
OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

## DECLARATION OF SONIA SINGH

I, Sonia Singh, declare and state as follows:

1. I am an attorney duly licensed in the State of California and entitled to practice before this Court and am an associate of the law firm Ervin Cohen & Jessup LLP, attorneys of record for creditors Michael Horner and Thomas Horner, as Co-Trustees of the Horner Family Trust (collectively, the "Horners"). I make this declaration in support of the above Objection to Debtor's Chapter 13 Plan. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2. On or about October 6, 2022, the Horners filed a Motion to Dismiss the Debtor's bankruptcy case pursuant to 11 U.S.C. §§ 109(e) and 1307(c) *(docket no. 54)* (the "Motion to Dismiss") on the grounds that the Debtor is not eligible to file for relief under Chapter 13 of title 11 of the United States Code, and for cause given the Debtor's bad faith.

3. On December 5, 2022, the Court entered its Revised Interim Order *(docket no. 87)*, pursuant to which the Motion to Dismiss was denied in part (as to the debt limits of 11 U.S.C. § 109), and continued as to all other issues raised in the Motion to Dismiss (i.e., bad faith). At the December 1, 2022 continued hearing on the Motion to Dismiss, the Court further continued the hearing to January 12, 2023 based on Debtor's failure to produce his missing financial documents. A true and correct copy of the Court's tentative ruling for the December 1, 2022 hearing on the Motion to Dismiss, which I accessed on December 29, 2022 from the Court's website, is attached hereto as **Exhibit 1**.

4. The Court also ordered the parties to meet and confer regarding Debtor's request that the Horners not be allowed to view his tax returns, to see if the parties could agree to terms of a protective order. Absent an agreement, the Court set a briefing schedule on the issue of sharing the tax returns, and set a hearing for the matter on January 12, 2023.

5. Additionally, creditors Robert Hunt and David Vosicher also filed a Motion to Dismiss the Debtor's bankruptcy case *(docket no. 71)* (the "Hunt Motion to Dismiss") because the Debtor is a stockbroker under 11 U.S.C. §§ 101(53A) and 741 and therefore, ineligible to be a chapter 13 debtor under § 109(e). The Hunt Motion to Dismiss is also set for a continued hearing

1. on January 12, 2023.

6. Based on the profit and loss statement produced by the Debtor for his business on or about December 8, 2022, which statement is still not supported by the Debtor's business bank statements, the business was operating with a negative net income as of June 2022.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct and that this Declaration was executed on December 29, 2022 at Los Angeles, California.

_____
Sonia Singh

EXHIBIT "1"

# United States Bankruptcy Court
# Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

---

**Thursday, December 1, 2022**                    Hearing Room     **1545**

---

<u>8:30 AM</u>
**2:22-13069**     **George Gordon Strong, III**                          **Chapter 13**

    **#8.00**    Cont'd hrg re: Motion to Dismiss Debtor's Chapter 13 Case
               fr. 11/3/22

                                  Docket      54

**Tentative Ruling:**

    **Tentative Ruling 12/1/22:**
<u>Appearances required</u>.
       At the hearing on 11/3/22 this Court was persuaded to adopt its tentative ruling (reproduced below) to "Deny [this motion to dismiss this case] in part (as to the debt limits of 11 U.S.C. 109(e)) and continue regarding all other issues to [today]" with a deadline of 11/23/22 for Debtor to provide certain financial information to Movants' counsel. First, this Court's records are that Debtor's counsel was supposed to lodge a proposed written order memorializing the foregoing oral rulings, and this Court has no record of such an order being lodged. The tentative ruling is to direct Debtor's counsel to lodge such an order forthwith, so that the written record is clear.
       Second, Debtor's status report (dkt. 82) reflects that he partially met that deadline by providing tax returns for 2019 and 2020, and some profit and loss statement, but Debtor has not provided the 2021 tax returns and other financial information. The tentative ruling is to continue this matter again, to 1/12/23 at 8:30 a.m., with a **deadline of 1/5/23** for Debtor to provide the missing information, failing which the tentative ruling will be to grant the motion. If Debtor meets that deadline, the tentative ruling will be to grant a further continuance with a deadline for Movants to file and serve supplemental papers regarding Debtor's alleged bad faith.

    If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted tentative rulings.

    **Tentative Ruling for 11/3/22:**
Deny in part (as to the debt limits of 11 U.S.C. 109(e)) and continue regarding

# United States Bankruptcy Court
# Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, December 1, 2022**　　　　　　　　　　　　　　　　　　　　　　　Hearing Room　　1545

<u>8:30 AM</u>
**CONT...**　　　**George Gordon Strong, III**　　　　　　　　　　　　　　　　　　　　　**Chapter 13**

all other issues to 12/1/22 at 8:30 a.m., with a **deadline of 11/23/22** for Debtor to file and serve his declaration with his missing financial information, which may be partially redacted or, if appropriate, **filed under seal** by presenting the Clerk of this Court with a copy of an order adopting this tentative ruling, all as set forth below.  <u>Appearances are not required</u> on 11/3/22.  (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at <u>www.cacb.uscourts.gov</u>, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

　　　　　<u>Proposed order</u>: Unless otherwise ordered, Debtor is directed to lodge a proposed <u>interim</u> order, permitting him to file documents under seal and continuing this hearing, via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)), and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling.

<u>Key documents reviewed</u> (in addition to motion papers): Opposition (dkt. 59); Reply (dkt. 62).

<u>Analysis</u>
(A) <u>Debtor is within the chapter 13 debt limits</u>
　　　　Chapter 13 eligibility under 109(e) "'should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith."  *In re Duque*, No. BAP CC-05-1069-MAMC, 2005 WL 6960181, at *4 (9th Cir. BAP Dec. 30, 2005) (citing *In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001)).  There is an exception if Movants can point to or present concrete, specific evidence indicating that Debtor manipulated the scheduled debt amounts or acted in bad faith in characterizing them as contingent or unliquidated, so as to be able to fall within section 109(e)'s debt limits.  See *In re Stahl*, No. 2:20-BK-11739-WB, 2021 WL 1293853 (9th Cir. BAP. Apr. 7, 2021)).

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, December 1, 2022**                                                                                         Hearing Room     1545

8:30 AM
**CONT...**     **George Gordon Strong, III**                                                                                         **Chapter 13**

Liquidated debts are those that are capable of "'ready determination and precision in computation of the amount due."' *In re Nicholes*, 184 B.R. 82, 89 (9th Cir. BAP 1995) (citation omitted). "The test for 'ready determination' is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation." *Id.*, 184 B.R. at 89 (citing *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982)).

If the "amount of a certain debt" may be determined by a "simple hearing," the debt is liquidated. *In re Slack*, 187 F.3d 1070, 1073-74 (9th Cir. 1999) (citations omitted). But a debt should be treated as unliquidated if "an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability." *Id.*

The tentative ruling is that Debtor has sufficiently established by a preponderance of the evidence that the major claims against him are unliquidated (the "Horner," "Hunt," "Vosicher," and "Avoyer" claims). Although the dollar amounts of *portfolio losses* can be calculated (*e.g.,* Reply, Ex. 7, *and* Opp., dkt. 59, Ex. E, Avoyer claim for $1,654,149.00), that is different from the dollar amount of any *claim* - *i.e.,* how much of any losses are attributable to any wrongdoing for which Debtor might be held liable. The latter amounts are unliquidated. *See* Opp. (dkt. 59) p. 10:19-22 *and* pp. 11:8-13:26 (citing, *inter alia, In re Ho,* 274 B.R. 867 (9th Cir. BAP 2002)).

If those claims are excluded, the remaining claims against Debtor are within the debt limits of 11 U.S.C. 109(e), based on this Court's review of both (a) the filed proofs of claim and (b) his bankruptcy Schedule D (dkt. 1 at PDF p. 31) and Schedule E/F (dkt. 1, summarized at PDF p. 31). The motion papers do not establish otherwise.

In sum, Movants have not met their burden to show that Debtor is ineligible for chapter 13.

Note: Debtor also argues that the major claims against him are "contingent," but the tentative ruling is that Debtor has not established any contingency. Those major claims are disputed, which is not the same. *See In re Fountain*, 612 B.R. 743, 748 (9th Cir. BAP 2020).

But that does not matter because claims must be both liquidated *and* non-contingent to qualify under section 109(e). *Ho,* 274 B.R. 867, 871. Therefore, the fact that they are unliquidated means they are not counted for purposes of Debtor qualifying under section 109(e), regardless whether they are or are not contingent.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
**Courtroom 1545 Calendar**

**Thursday, December 1, 2022**                                                                 **Hearing Room    1545**

<u>8:30 AM</u>
**CONT...        George Gordon Strong, III                                                        Chapter 13**

(B) <u>Alleged bad faith</u>

The tentative ruling is that, without more financial information from Debtor, it is impossible to know whether he has acted in good faith, or engaged in bad faith sufficient to warrant dismissal under 11 U.S.C. 1307(c). This Court must consider the totality of the circumstances, including the following:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.  [*In re Leavitt,* 171 F.3d 1219, 1224 (9th Cir. 1999) (cleaned up; citations omitted)]

This Court also must bear in mind that:
> Neither malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor ill will directed at creditors, or that debtor was affirmatively attempting to violate the law -- malfeasance is not a prerequisite to bad faith.  [*Id.* at 1224-25 (cleaned up; citations omitted).]

This Court previously has noted a lack of sufficient information about Debtor's possible good or bad faith.  *See* Order (dkt. 32), p. 8 of 9 (para. "(5)").  Although Debtor's Opposition asserts that various documents have been produced, and makes various arguments to rebut the Motion's evidence and arguments in support of a bad faith finding, the Opposition does not overcome the need for Debtor to provide the missing information described by Movants.  *See* Motion (dkt. 54), p. 9:7-20; *and cf.* Opp. (dkt. 59) pp. 11:24-27 *and* 15:1-17:15.

Although arguably Debtor's failure to provide the missing information in his opposition papers could support dismissal right now, the tentative ruling is that a continuance to provide such information is warranted.  This Court notes Debtor's arguments about his efforts and his actual production of a substantial number of documents so far; but he does not appear to have established an inability to provide those things if given a short period of additional time.

The tentative ruling is to set the deadline at the start of this tentative

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, December 1, 2022**        Hearing Room    1545

<u>8:30 AM</u>
**CONT...**     **George Gordon Strong, III**                                                 **Chapter 13**

ruling for additional documents from Debtor, but not to establish any deadlines for additional briefing at this time. Instead, the tentative ruling is to address the issues without additional briefs at the next hearing, and determine at that time whether further briefing is necessary.

In addition, the tentative ruling is that, to the extent Debtor files any information that may be appropriately redacted, he may redact such information; and in that event Debtor must lodge a proposed order permitting him to file an unredacted version under seal, and he must serve that unredacted version on Movants. The tentative ruling is not to require any separate motion or application to be permitted to file such documents under seal; but to permit such filing under seal on this Court's own motion, in the interest of efficiency, with all rights reserved for any parties in interest, including the United States Trustee, to challenge, at a later date, whether any documents should not be under seal. *See, e.g.,* 11 U.S.C. 105(a), 107 *and* 112 (redaction of names of minor children); *and* Rule 9018 (Fed. R. Bankr. P.).

Meanwhile, it appears appropriate to provide the parties with the following tentative rulings on certain subsidiary issues. These tentative rulings can be addressed at the continued hearing: they do not need to be contested in connection with this 11/3/22 hearing (all rights are reserved).

First, this Court gives very little weight to the finding of "good faith" in connection with Debtor's motion to continue the automatic stay under 11 U.S.C. 362(c)(3). As explained in the order granting that motion, "good faith" is a narrow finding in that context - *i.e.,* there is a "low bar" to establish enough good faith to continue the automatic stay, in view of the benefits of the automatic stay to protect creditors, not just Debtor. *See* Order (dkt. 34) pp. 2-3 (para. "6.(2)" and "6.(3)").

Second, the preclusive effect of Debtor's divorce judgment only goes so far. The property division in that divorce might be sufficiently egregious that (x) it would be avoidable under applicable nonbankruptcy law (*see, e.g.,* Reply, dkt. 62, pp. 9:21-10:4) or (y) it would be evidence of a lack of good faith for purposes of federal law, under 11 U.S.C. 1307.

Third, this Court distinguishes the issues at this stage from other issues that might arise later in this case. As stated in the concurrence in *Ho,* if the case is not dismissed on the present motion, the issue of good or bad faith can be properly revisited at the plan confirmation stage, at which time the burden will be on Debtor to establish, *inter alia,* that the plan has been

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, December 1, 2022**     Hearing Room   1545

<u>8:30 AM</u>
**CONT...**     **George Gordon Strong, III**     **Chapter 13**

proposed in good faith. 11 U.S.C. 1325(a)(3); *Ho,* 274 B.R. at 883. In addition, if Movants' allegations of wrongdoing are correct, they might be able to establish nondischargeability. *See* 11 U.S.C. 523, 1328. But those confirmation and dischargeability issues are not presently before this Court.

| Party Information |
|---|

**Debtor(s):**

George Gordon Strong III     Represented By
         Sevan Gorginian

**Movant(s):**

Michael Horner and Thomas Horner     Represented By
         Byron Z Moldo
         Sonia Singh

**Trustee(s):**

Kathy A Dockery (TR)     Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9401 Wilshire Boulevard, Ninth Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document entitled: **MICHAEL HORNER AND THOMAS HORNER, AS CO-TRUSTEES OF THE HORNER FAMILY TRUST'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN; DECLARATION OF SONIA SINGH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 29, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR)    EFiling@LATrustee.com
Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
Sonia Singh    ssingh@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 29, 2022** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
George Gordon Strong, III dba Strong Wealth Management LLC
5455 Castle Knoll Rd.
La Canada Flintridge, CA 91011

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on -- I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

N/A

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 29, 2022 | Angela Antonio | */s/ Angela Antonio* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**